Plaintiffs, Louisiana-Delta Hardwood Lumber Company, Inc., and Tensas Delta Land Company, brought this action in slander of title against defendants as descendants and heirs of J. Glover Johnson. In answer, defendants claimed title to the tract of land involved, thus converting the action into a petitory action. In this opinion parties will be referred to as plaintiffs and defendants in accordance with their respective capacities in the original suit.
Plaintiffs claim record title under mesne conveyances out of the United States Government, supported by actual physical corporeal possession for a period in excess of ten years, of property situated in La Salle Parish, Louisiana, described as being the S.E. 1/4 of S.W. 1/4 of Section 1, Township 6 North, Range 4 East, containing 40 acres, more or less. By a stipulation of counsel, value of the property has been fixed at less than $2,000, thus conferring jurisdiction upon this Court.
Plaintiffs' claim of title is based upon selection by the State of Louisiana of the land in question under the Swamp Land Grant and approved by the Federal Government into the State on May 6, 1852; creation of a Levee District, by Act No. 59 of 1886, including the Parish of Catahoula, within which parish the land was located until the creation of La Salle Parish; grant of lands by the State of Louisiana to the Tensas Basin Levee District under provisions of Act No. 77 of 1888; conveyance of the tract of land in question under the authority of Act No. 77 of 1888 by the Register of the State Land Office to the Board of Levee Commissioners of the Tensas Basin Levee District by instrument dated April 18, 1889; sale and conveyance by Board of Levee Commissioners of Tensas Basin Levee District to Tensas Delta Land Company, Ltd., by instrument dated November 9, 1898; reorganization of Tensas Delta Land Company, Ltd., into a corporation under the laws of the State of Michigan in October of 1918 under the corporate name of Tensas Delta Land Company; sale and conveyance by Tensas Delta Land Company on December 9, 1929, to Louisiana Delta Hardwood Lumber Company, Inc., a Louisiana corporation, with exception and reservation of mineral rights unto the Tensas Delta Land Company. All of the links in the chain of title as set forth above are established by documentary evidence in the record.
Defendants claim title to the land as descendants and heirs of J. Glover Johnson and his wife, Mary Mariah Farris Johnson, and set forth the selection and approval as swamp land by the United States to the State of Louisiana; adjudication to the State of Louisiana on April 8, 1885, for unpaid taxes of 1884, assessed against J. Glover Johnson; deed of date April 18, 1889, from Register of State Land Office to Board of Commissioners of Tensas Basin Levee District; deed of date June 21, 1889, by State Auditor to Board of Commissioners of Tensas Basin Levee District; deed of date January 23, 1891, from Board of Commissioners of Tensas Basin Levee District to J.G. Johnson. The numerous defendants claim undivided interests in the property by inheritance from J. Glover Johnson and Mary Mariah Farris Johnson, both of whom died intestate. There is no dispute as to the facts set forth above.
Before answering the merits, defendants filed an exception of no cause or right of action, which exception was overruled, and since the basis for such exception is not set forth, nor the exception urged, we must assume that it has been abandoned.
It is to be observed upon consideration of the title facts as contained in the record, and briefly set forth above, that both plaintiffs and defendants claim title from a common ancestor, namely, the Board of Commissioners of the Tensas Basin Levee District. Plaintiffs' claim is based upon a deed authorized by proper resolution dated November 9, 1898, under which the Board of Commissioners of Tensas Basin Levee District *Page 689 
conveyed various tracts of land, totaling many thousands of acres, and including the property concerned in this suit, to Tensas Delta Land Company, Ltd. Defendants claim that some seven years prior to the above mentioned conveyance to the land company, namely, on January 23, 1891, the Board of Commissioners of Tensas Basin Levee District sold and conveyed the property in question, together with other property comprising a total of 200 acres, to J.G. Johnson, and it is upon this deed that defendants rely. The deed is attacked by plaintiffs on the ground that it is merely a quit-claim deed executed under the purported authority of a rule of the Board of Commissioners, and that it is an absolute nullity.
The facts show that the property in question was adjudicated to the State of Louisiana on April 8, 1885, for unpaid taxes for the year 1884, as assessed to J. Glover Johnson. There is no showing of any muniment of title in J. Glover Johnson, and serious questions, accordingly, are raised as to the validity and effect of the quitclaim deed effecting a redemption in the name of one who was not shown to have held record title to the property in question.
Regardless of our opinion as to the several contentions and questions arising from these particular transactions, since a determination thereof would not be decisive, we see no useful purpose to be served in burdening this opinion with a discussion of these points.
Inasmuch as both plaintiffs and defendants base title upon recorded instruments, we feel that resolution of the opposing claims must inevitably rest upon a showing of possession supporting the claim of record title.
The issue of prescription is tendered on the part of plaintiffs in their original petition, wherein they claim possession in excess of ten years under record title.
Defendants, by amendments to their answer and by special pleas, have set up pleas of prescription of ten and thirty years, and the prescriptions of five and ten years as provided in Articles3542, 3543 and 3544 of the Civil Code of Louisiana, together with prescriptions of three and five years under the constitutions of the State of Louisiana of 1898 and 1921, and by immunities from attack guaranteed under Act No. 42 of 1871.
Unless defendants have shown such character of possession as would sustain their claims under a deed translative of title, their claims must fail, bearing in mind, of course, the fact that plaintiffs are burdened with the same necessity. The pleas of prescription advanced by defendants under the Codal articles, constitutional provisions and the act set forth, are inapplicable to the facts and conditions existing in the present case.
The only evidence of possession on the part of defendants, or any of them, is contained in the testimony of several of defendants' witnesses, which testimony, to say the least, is vague, uncertain and indefinite. Resolving all elements of possession which may be reasonably regarded as having been established by this testimony, we find only that there was at one time, many years ago, a fence constructed near the north line of the tract in question. It is not shown that there was ever any enclosure, and from the testimony it is evident that the fence does not, by any means, follow the true north boundary line of the forty-acre tract in question. We also find that some of the heirs grazed cattle on the property and cut firewood from the land. But, it is definitely shown that these were matters of common practice in the neighborhood, and that the acts themselves were not performed with any intent, purpose or view of evidencing possession of the property. There is no showing that the heirs, or any of them, or, indeed, their ancestor from whom they claim title, have ever paid taxes on the property since the granting of the quitclaim deed in 1891.
As opposed to defendants' claims of possession, consideration of plaintiffs' evidence establishes the fact that the 40 acres involved in this suit were acquired, together with adjoining lands, all constituting the same tract and conveyed in the same deed; that the lines of the 40 acre tract in question were run in the year 1930, and that at about the same time, in the same year, i.e., 1930, operations were begun for the building of a tramway, which construction was followed by the actual cutting of timber on the tract embracing, with other lands, the 40 acres in dispute. There is no showing that timber was actually cut on the 40 acre tract until about the spring of 1932, which was less than ten years prior to the institution of this suit, but this showing is not essential, in view of the fact that it has been definitely *Page 690 
established that possession of any part of the property conveyed under a deed translative of title will be considered possession of the whole for the purpose of beginning the running of the prescriptive period. Feazel v. Peek, 189 La. 61, 179 So. 35; Jackson v. Bouanchaud, 178 La. 26, 150 So. 567.
The land involved in this suit is regarded as swamp land, suitable only for growing of timber or for pasturage purposes, and it follows that the possession required must be determined by the character and nature of the land. Snelling v. Adair,196 La. 624, 199 So. 782. It is also established that when actual or corporeal possession has once begun, mere civil possession is sufficient to continue the running of the prescriptive period. Civil Code, Articles 3442 and 3443; Snelling v. Adair, cited supra.
It is not necessary that civil possession be considered as actual possession, but merely that it evidences the intention of the possessor to continue to hold the land as owner. One of the most obvious evidences of this intent is the payment of taxes, and it has been proven that from the years 1932 to 1941, inclusive, taxes were assessed to and paid by Louisiana Delta Hardwood Lumber Company.
Analysis of the testimony of the witnesses and the evidence contained in the record, convinces us that defendants have failed to support the pleas of prescription of ten and thirty years. On the other hand, plaintiffs have established a beginning of prescription by evidence of actual corporeal possession beginning more than ten years prior to the filing of this suit, continued by acts of civil and constructive possession, which are sufficient to confirm their claim of title.
Plaintiffs have filed an answer to defendants' appeal, in which they pray for an amendment of the judgment to the extent of naming the parties to this suit. We are of the opinion that the prayer should be granted, and, accordingly,
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiffs, the Louisiana Delta Hardwood Lumber Company, Inc., and Tensas Delta Land Company, and against the defendants, Myrtle Chevallier, Ova Chevallier, Maxine Chevallier, J.T. Chevallier, Tom Chevallier, Mary McLawchlin, Richard McLawchlin, Charlie McLawchlin, Rosana McLawchlin, Dola McLawchlin, Tom McLawchlin, Mae McLawchlin, Leonia McLawchlin, John Tilden Johnson, Sally Johnson, Alzene Johnson, Reuben Manly Johnson, Luella Johnson, Annie Johnson, Ellen Reeves, J.F. (Joe) Reeves, Thomas or Tom Reeves, William Reeves, Emma Reeves, Robert T. (Bob) Reeves, Gertrude Curtiss, Addie Curtiss, Clarence Perser Curtiss, James Curtiss and Mary Agnes Chevallier, rejecting the demands of the defendants, plaintiffs in the petitory action, to be recognized and decreed the owners in in-division of the Southeast Quarter of the Southwest Quarter (S.E. 1/4 of S.W. 1/4) of Section One (1), Township Six (6) North, Range Four (4) East, containing 40 acres, more or less, situated in the Parish of La Salle, State of Louisiana, and as such owners placed in possession of said property.
It is further ordered, adjudged and decreed that plaintiffs, Louisiana Delta Hardwood Lumber Company, Inc., and Tensas Delta Land Company, be, and they are hereby, recognized as owners of said property, and as such owners to be in the legal possession thereof.
It is further ordered, adjudged and decreed that the defendants pay all costs of this suit.
For the reasons assigned, the judgment appealed from is amended as above set forth, and, as amended, is affirmed at appellant's cost.
 On Rehearing
In our original opinion we stated that since the exception of no cause or right of action had not been urged, we assumed the same to have been abandoned.
In application for rehearing, counsel for defendants strenuously contended that the exception not only had not been abandoned but had been urged at length in a special brief directed to a discussion of the exception. We found that such brief had been written and filed by defendants' counsel but had not been brought to the attention of the Court. For the purpose, therefore, of correcting our erroneous assumption, and of according defendants full consideration of the exception, rehearing was granted and the basis of the exception was argued by defendants' counsel.
We now proceed to a consideration of the exception and its effect upon this suit.
Counsel for defendants advance two contentions as the basis of the exception of no cause of action, as follows: *Page 691 
First, that the petition does not contain sufficient allegations of physical possession by the corporate plaintiff which would serve to support an action of jactitation, and,
Second, that the petition fails to allege any acts by defendants which in fact or in law would constitute a slander of plaintiff's title.
In support of the first proposition it is argued that a corporation, being simply a legal entity without physical existence, cannot corporeally possess property, and, since it must act through its officers or agents in the performance of acts of possession, the acts of such officers or agents, which are relied upon, must be specifically set forth.
On the second phase of the exception the burden of defendants' argument is concerned with the point that plaintiff's petition makes no detailed allegations of slander of its title and rests upon the assertion that the defendants are slandering its title merely by occupying the status of heirs of one who claimed title.
The points made above are elaborated upon in an interesting and exhaustive brief of defendants' counsel. We recognize the weight of the numerous authorities cited, but we do not find that they are applicable, nor that they justify the conclusions which counsel has drawn.
In the first place, it is too well established to merit discussion that with reference to an exception of no cause or right of action the allegations of plaintiff's petition must be accepted as true.
Examination of the petition in this case discloses that the essential elements of a jactitation suit are set forth in paragraphs 2 and 3 thereof, as follows:
"II. That petitioners are the record owners under means conveyances out of the United States Government, and, as such, are now and have been in the actual physical corporeal possession for a period in excess of ten years, of the following described property, situated in the Parish of LaSalle, State of Louisiana, to-wit:
"The SE 1/4 of SW 1/4 of Section 1, Township 6 North, Range 4 East, containing 40 acres, more or less, having a value in excess of $2100.00.
"III. That the persons hereinafter named are slandering the title of your petitioner to said property by claiming to be each the owner of an undivided interest therein, by asserting that J. Glover Johnson acquired title thereto during the lifetime of himself and his wife, Mary Mariah Farris Johnson, and during the existence of the community between them, under a pretended tax redemption deed from the President of the Board of Commissioners of the Tensas Levee District of date January 23, 1891, as recorded in Book 3, page 405 of the Conveyance Records of LaSalle Parish, Louisiana; and that as heirs at law of the said Johnson and of his said wife, or through their descendants, they have inherited each an individual interest in the said property."
We can find no deficiency in the pleading recited. If true, and for the purpose of the exception, the allegations must be regarded as true, plaintiff has set up possession and the disturbance of possession or acts of slander by the defendant. If, to enable defendants to properly answer, details of the character, nature and acts of possession, as well as the character, nature and acts of the alleged slander, were required, such details might have been procured in answer to an exception of vagueness. However, the allegations of the petition follow so closely the best established mode and most correct method of procedure in actions of this kind as to satisfy the essential requirements of such types of action.
It must also be borne in mind in disposing of defendants' exception that a defendant in action of jactitation must select his own line of defense, and once having determined thereupon, he is bound by his own pleading. Defendants in this case had the opportunity of denying the possession, or the slander, or both, thereby leaving the plaintiff with the burden of establishing both of these necessary elements. Of necessity, such a course would waive the question of title, but, since defendants chose in this instance to assume the position of plaintiffs in a petitory action, they waived the questions of possession and slander. The object of a jactitation suit is to protect possession without regard to the establishment of title, unless the defendant himself shall tender the issue of title. Siegel v. Helis et al.,186 La. 506, 172 So. 768.
It is true that the action of jactitation is a creature of necessity established by our jurisprudence, but it is also true that well-defined *Page 692 
rules of procedure have been established by that jurisprudence.
When plaintiff alleged actual physical, corporeal possession of the property at time of filing the suit and for a period in excess of 10 years prior thereto, the requisite of possession was satisfactorily met, and an exception directed at the failure to allege possession must fail since such allegation is to be regarded as true, at least for the purpose of disposing of the exception.
When the plaintiff alleged that the defendants were slandering its title by claiming to be owners of undivided interests in the property, by asserting that their ancestor in title acquired title to the property by a specific instrument described, and by asserting to have inherited individual interests, the requirement of allegation of slander was satisfactorily fulfilled.
It is true that the action of jactitation is objectionable in certain particulars. The action is thoroughly discussed in an article in 12 T.L.R. 255, which is replete with citations covering every phase of the action, which article discusses briefly some of the inequities and disadvantages resulting from the action. However, until this established procedure is altered or modified by statute, there can be no question as to its effect so long as it conforms to the requirements established over a long period of time by the jurisprudence of our State.
We conclude that the exception of no cause or right of action filed on behalf of defendants was properly overruled by the lower Court. Since the merits of the case have been disposed of in our opinion on first hearing, it is now ordered that our original judgment in favor of the plaintiffs, as particularly set forth in our decree, be, and it is hereby, reinstated and made final. *Page 725