This is an action in jactitation in which the plaintiff alleges that the defendant Bradford, and others, have slandered plaintiff's title to a certain tract of land which is hereinafter particularly described.
An exception of no right or cause of action was filed on behalf of the defendant Bradford, which plea was sustained by the district judge, and the plaintiff's suit as against the defendant Bradford dismissed. From this judgment plaintiff appeals.
Written reasons for judgment were not assigned by the, learned judge of the district Court, but the basis of the plea was defined in briefs of counsel from which it appears that the exception is aimed at the inconsistent allegations of plaintiff's petition which first set up actual physical possession for more than one year on the part of plaintiff, and, later, the possession of a portion of the property in defendant. The pertinent portions of these allegations of the petition are as follows:
"2. That your petitioner is and has been for more than one year preceding the filing of this suit in the actual physical possession, as owner, of the property hereinafter described * * *."
"9. That during the year 1936, the said defendant, Bradford, erected a saw mill on a portion of the said above described property and has operated said saw mill since that date up to the present date, which operation constitutes an interference with your petitioner's possession as of foresaid." (sic)
Counsel for defendant argues that an essential element of an action in jactitation or slander of title is possession by the plaintiff, and, consequently, that plaintiff's allegation of defendant's possession destroys his cause or right of action.
The action of jactitation or slander of title, as has been stated many times by the Courts of this State, is a creature of necessity, a child of jurisprudence, but as was said by this Court in Louisiana-Delta Hardwood Lumber Company v. Johnson,19 So.2d 687, 691:
"* * * it is also true that the well-defined rules of procedure have been established by that jurisprudence."
[1, 2] In order to maintain a suit in jactitation or slander of title a plaintiff must allege and prove possession in himself and a real disturbance, of that possession, or acts of slander on the part of the defendant. In answer, a defendant must choose either to deny plaintiff's possession, or the alleged slander, or both, or to set up title in himself and thereby assume the position of plaintiff in a petitory action. Louisiana-Delta Hardwood Lumber Co. v. Johnson, supra.
[3] Judged by these well established principles, it is evident that plaintiff has failed to set up a right of action.
There is another fault in plaintiff's petition which is also reached by the exception of no cause or right of action filed by the defendant Bradford. Plaintiff alleged himself to be the owner of property described as:
"An undivided one-half (1/2) interest in and to the Northwest (NW) Quarter (1/4) of the Southwest (SW) Quarter (1/4) of Section Thirty-one (31), Township Eighteen (18), Range Fifteen (15), Caddo Parish, Louisiana, less that portion thereof previously dedicated for road purposes."
In Articles 3, 4, 5 and 6 of plaintiff's petition he alleges that the defendant Bradford, by instruments particularly described in the articles referred to, but which instruments were not attached to nor made a part of the petition, pretended to acquire "an interest in said property." In Article 7 of his petition plaintiff alleges that the *Page 820 
said Bradford caused to be recorded an ex parte affidavit wherein he asserted that he owned "some interest in said property."
[4] In view of the fact that plaintiff asserts his ownership and title to, only an undivided one-half interest in the property, and fails to allege that the pretended acquisitions of the defendant Bradford exceeded the outstanding undivided one-half interest, it follows that plaintiff has failed to properly allege a slander of his title to an undivided one-half interest in the property described.
Careful consideration of plaintiff's petition, in the light of the plea of no cause or right of action on behalf of the defendant, serves to convince us that plaintiff's pleading has failed to properly allege either the requisite possession in himself or the slander of his title by the defendant.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., takes no part.