THE STATE, on the relation of M. C. LEVY and HUSBAND *v.* A. BONDY, Clerk of the District Court of Pointe Coupee, for a MANDAMUS.

Where the proper mode of executing a judgment is by a writ of possession, there is no necessity for mentioning in the decree, that such a writ shall issue.

The difficulty of executing a judgment, because of uncertainty in the decree, is no concern of the Clerk; his duty is to issue the writ in the manner pointed out by law.

In executing a writ of possession, the Sheriff is bound to consult the petition and the reasons for judgment, if necessary to explain what is uncertain in the decree; and he will be responsible in damages to the plaintiff, if he neglect or refuse to execute the judgment, if practicable with those explanations.

ON an application for a *mandamus* to the Clerk of the District Court of the Parish of Pointe Coupee. *Phillips* and *Mann & Augustin*, for relator· *A. Bondy, in pro. per.*, defendant.

BUCHANAN, J.   The relator asks for the interposition of the authority of this court, to compel the Clerk of the District Court to issue a writ of possession, in execution of the decree of this court.

The answer of the Clerk is, in substance, that the issuance of such a writ is no part of the decree; and moreover, that the writ is impracticable, for want of a description, in the decree, of the property recovered by plaintiff of defendant.

I. By the decree, the plaintiff, *Marguerite C. Decuir*, had judgment against defendant, *Ovide Lejeune*, for the dotal property derived from the successions of *J. B. Decuir*, deceased, and *Madeline Lacour*, deceased. The proper mode of executing this judgment was by writ of possession. C. P. 630, 631. There was no more necessity of mentioning in the decree, that a writ of possession should issue, than there would be to decree a *fieri facias* in a judgment for a sum of money. C. P. 628.

II. The difficulty of executing the judgment by reason of uncertainty in the decree, even supposing such difficulty to exist, was no concern of the Clerk. His duty was, to issue the writ in the manner pointed out by the Articles of the Code of Practice above quoted, 630 and 631.

In executing the writ of possession, the Sheriff will be bound to consult the petition and the reasons for judgment, if necessary to explain what is uncertain in the decree, and will be responsible in damages to plaintiff, if he neglect or refuse to execute the judgment, if practicable with those explanations. *Williams v. Kelso,* 7 La. 406; *Melançon* v. *Duhamel,* 3 N. S. 7.

It appears to us that the Clerk has, in this case, raised an issue with which he had no concern; and our decision of which would not be binding upon parties really interested.

Let a peremptory *mandamus* issue, as prayed for, at the costs of the defendant in this proceeding, *Alcide Bondy.*