(38 South. 612.)

No. 15,648.

MARTEL et al. v. JENNINGS–HEYWOOD OIL SYNDICATE.*

(April 24, 1905.)

WRIT OF POSSESSION—CONDITIONAL JUDGMENT.

1. A judgment recognizing a joint owner's right in property cannot be enforced by means of the writ of possession. It would be impossible for the sheriff to execute the writ.

2. Where the judgment is conditional upon the reimbursement of certain expenses, the reimbursement must be made before a writ of possession can issue.

(Syllabus by the Court.)

Action by J. Sully Martel and others against the Jennings-Heywood Oil Syndicate. Judgment for defendant was reversed on appeal, and J. Sully Martel and others apply for a writ of mandamus for execution of the judgment. Denied.

J. Sully Martel (D. Caffery & Son, of counsel), for relators. Respondent judge pro se. Respondent clerk pro se. Chappuis & Holt and Gilbert L. Dupré, for respondent Oil Syndicate.

*Rehearing denied May 22, 1905.

PROVOSTY, J. This is an application for mandamus to the judge and the clerk of the lower court to execute the judgment of this court heretofore rendered in this suit (38 South. 253),[1] which reads as follows:

"It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed. And it is further ordered and decreed that plaintiffs herein be recognized as the owners of an undivided one-fifth interest in the Arnaudet tract of land, containing 145 acres more or less, as described in their petition in this cause, free from all the leases therein set forth as recorded against said tract of land, and that said leases be canceled by the clerk and ex officio recorder of the parish of Acadia in so far as they affect said one undivided one-fifth interest. And it is further ordered and decreed that plaintiffs are entitled to, and do have and recover of the defendants herein, the Jennings Heywood Oil Syndicate and its lessees or assigns, one-fifth of all the oil produced by said defendants on said tract of land, on plaintiffs' reimbursing one-fifth of all the expenses, ordinary and incidental, incurred in producing, transporting, and preserving the same, and, if sold, the additional expenses of sale. And it is further ordered and decreed that this cause be remanded, with leave to amend for the purpose of determining the quantity of oil which plaintiffs are entitled, and the expenses to be reimbursed or deducted, and for an accounting between the parties. And it is finally ordered and decreed that the writ of sequestration herein be reinstated and maintained, and that defendants pay all costs of suit."

This decree having been registered in the court below, plaintiffs applied to that court for "a writ of possession, ordering the sheriff to place them in possession of an undivided one-fifth of all the property described" in said decree, and, the request having been denied, the present application to this court has followed.

Plaintiffs are recognized as the unconditional owners of the land. This entitles them to immediate possession. Naturally, an unconditional owner is entitled to possession. There was no necessity of making provision in the decree for the issuance of the writ of possession, no more than there is any necessity of making provision in a moneyed judgment for the issuance of the writ of fi.

[1] Ante, p. 351.

fa. The judgment, as a matter of course, must have execution by whatever writ may be available for the purpose. State ex rel. v. Bondy, 15 La. Ann. 573, 77 Am. Dec. 198.

Therefore, if plaintiff's ownership bore upon a specific thing, they would most unquestionably be entitled to a writ of possession; but it bears only upon an undivided one-fifth interest, it exists only par mi et par tout, it is a mere ideal or abstract right; hence the court cannot put plaintiffs in the actual, corporeal possession of it. All the court can do is to recognize the right, and let plaintiffs make it good by the remedies which the law places at their disposal. Were the court to order the sheriff to put the plaintiffs in the actual, corporeal possession of this undivided one-fifth, the sheriff could execute the order only by putting plaintiffs in possession of the entire property; that is to say, by ousting the defendants from their four-fifths of the property. This, of course, cannot be done. Plaintiffs are entitled to the joint possession and control of the property, and if their co-owners will not yield it to them, or they cannot agree as to the administration of the property, their recourse must be to the courts.

The decree, in so far as the oil is concerned, is conditional upon the reimbursement of the expenses of producing same. It reads that the plaintiffs recover the oil "on plaintiffs' reimbursing," etc. This reimbursement is therefore a condition precedent to the right to a writ of possession.

Plaintiffs suggest that this court is at liberty to amend the decree, and should do so; but this court has no such power. The decree has passed beyond the amending hand of this court. It has become final and the property of the parties.

If it be true that a greater quantity of oil is being held under the sequestration than is necessary to cover the amount of the expenses, the remedy is in the hands of the court in which the sequestration is pending, not of this court.

The application for a mandamus is rejected at the cost of plaintiffs.