16 So.2d 244

## AMERADA PETROLEUM CORPORATION v. MURPHY.

### No. 36987.

### Dec. 13, 1943.

Harvey G. Fields, of Farmerville, W. B. Gordy, Jr., of Abbeville, and J. B. Crow, of Shreveport, for defendant appellant.

Howard E. Bruner, of Crowley, and DeBaillon, Bailey & Mouton, of Lafayette, for plaintiff appellee.

FOURNET, Justice.

The Amerada Petroleum Corporation, deraigning its title to an oil and gas lease affecting three tracts of land comprising approximately 160 acres in Acadia Parish from the purchaser of the property in fee at a partition sale, instituted this suit to have cancelled and erased from the public records two oil, gas, and mineral leases executed in favor of O. G. Murphy, the defendant, by some of the co-heirs prior to the institution of the partition proceedings, alleging that such leases were extinguished by the partition sale and constitute a cloud on its title.

The defendant, a non-resident, made his appearance in court by excepting to the petition on the ground that it disclosed neither a cause nor a right of action, for he had not been made a party to the partition proceedings and the sale had not been made in accordance with the provisions of Act No. 336 of 1940, amending Article 741 of the Revised Civil Code. When these exceptions were overruled, he then answered generally denying all of the allegations of the plaintiff's petition, affirmatively urging as a special defense the same issues raised in his exceptions. Subsequently, but prior to trial, he interposed a plea wherein he urged that, for the same reasons given in his exceptions and his special defense, the plaintiff was estopped from prosecuting the suit or maintaining its demands. Still prior to the trial on the merits, he pleaded as a special defense, in addition to all of the exceptions and motions previously filed, "that the law under which the original partition suit was brought and judgment obtained, Act No. 205 of 1938, is unconstitutional and violative of Section 10 of Article I of the Constitution of the United States." Both of these pleas were referred to the merits and there was judgment in favor of the plaintiff ordering that the two leases be cancelled and erased from the public records. The defendant is appealing.

According to the agreed statement of facts in the record, several heirs, owning together an undivided 33/49ths interest in three tracts of land in Acadia parish (fully described in the plaintiff's petition) that formed a part of the property left by Azelie Guidry, whose estate was under administration by Homer Barrouse, Jr., executed, on June 19 and July 10, 1939, two leases to the defendant, O. G. Murphy, a resident of the State of Arkansas, without the consent of their co-heirs and owners. No oil, gas, or other mineral has ever been produced on the land and Murphy has made no effort whatsoever to develop it. On July 25, 1940, partition proceedings were instituted by several of the co-heirs, some of whom had not joined in the leases to Murphy and had not otherwise alienated their undivided interest in the property, to have the property partitioned by licitation, naming as parties defendant all of the other co-heirs and owners of the property, but not making Murphy a party thereto. All of the named defendants filed answers on June 28—including the curatrix of one of the heirs who was an interdict, and the administrator of the estate—wherein they averred

that they interposed no objection to the partition by licitation. On that same day, judgment was rendered decreeing the property to be indivisible in kind and ordering that it be sold at public auction in order to effect a partition among the co-heirs and owners in accordance with their respective interests. The property was duly advertised, offered for sale at public auction on November 2, 1940, and adjudicated, free of encumbrances, to a third party, Dr. Charles F. Boagni, the highest bidder, who, five days later, sold it to J. Clarence Daigle. The plaintiff, having acquired its oil and gas lease from Daigle, instituted this suit on March 20, 1942, to have the Murphy leases cancelled and erased from the public records.

It is the defendant's contention that although at the time of the rendition of the judgment ordering the partition of this property by licitation Act No. 336 of 1940 was not in effect, nevertheless the writ ordering the sale, the advertisement, and the sale thereunder on November 2, 1940, all occurred subsequent to the passage of the act and that inasmuch as his mineral interest therein was not separately appraised and the proceeds divided in accordance with the provisions of the act, the sale is null.

Under the express provisions of the Revised Civil Code, no one can be compelled to hold property in indivision with another, and, for this reason, each of the co-owners is given the absolute right " * * * unless the contrary has been agreed upon * * * to demand the division of a thing held in common,

by the action of partition" (Article 1289), and a bona fide purchaser at public auction of the property being partitioned under a judgment rendered by a court of competent jurisdiction where all of the co-heirs and owners have been made parties to the proceedings, obtains a valid title. Hartson v. Flaty, 192 La. 782, 189 So. 134, and the authorities therein cited. However, prior to the adoption of Act No. 336 of 1940, the jurisprudence of this state was well settled that lessees and royalty owners were not co-owners of the land and, therefore, not necessary parties to a partition proceeding in the absence of the allegation or proof that any of them had actually developed or made any move to develop the land for minerals. Bickham v. Pitts, 185 La. 930, 171 So. 80; Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558, and the authorities therein cited.

The factual issues in the Reese case were, for all intents and purposes, identical with those in the case here under consideration, and, as here, the party who held the lease from some of the co-owners complained that he was being deprived of a very valuable right without having been made a party to the partition proceedings. We pointed out that since the owner of an undivided interest in land cannot himself exploit the land for oil, gas, or minerals without the express or implied consent of his co-heirs and owners, he cannot confer such a right on his lessee (Gulf Refining Company v. Carroll, 145 La. 299, 82 So. 277), consequently, that a person securing a lease from only a portion

of such co-owners and heirs cannot be deprived of any right, because he secured such lease knowing that "the property might be judicially partitioned by licitation, and that the lease would fail if the property was sold to a third person." Spence v. Lucas, 138 La. 763, 70 So. 796, 799, and the authorities therein cited.

■ The question that arises, therefore, is whether the failure to separately appraise the defendant's mineral interest in this property and divide the proceeds according to the provisions contained in Act No. 336 of 1940 renders the partition sale null, despite the fact that the judgment ordering the partition of the property became executory prior to the time this act became effective.

This identical question was presented to the Court of Appeal for the Second Circuit in the case of Young v. Staman, 200 So. 187, 189, and that court pointed out that "A general rule of statutory construction in this state, as announced in Civil Code Article 8, is that a law can have no retrospective operation, but can prescribe only for the future. Statutes which are purely remedial in their nature, however, are not subject to that rule of construction, unless their language plainly shows a contrary intention, and they may operate retrospectively," and held that since Act No. 336 of 1940 granted a substantive right not previously enjoyed it was not purely remedial in nature, consequently, could only apply to proceedings seeking the partition of property by licitation that were instituted subsequent thereto.

A mere reading of Act No. 336 of 1940, amending and re-enacting Article 741 of the Revised Civil Code, conclusively shows that it was not the intention of the legislature to give any retrospective effect to this legislation. Under its provisions it is made the mandatory duty of all persons seeking the partition of land by licitation to join as parties to the suit those having an interest in either the land or the minerals and while it does contain the stipulation that prior to the sale of such land an appraisement of the estate as a whole and a separate appraisement of the rights of each of the parties holding a recorded mineral interest therein must be made, there is nothing in the act to indicate that these provisions were intended to apply to partition proceedings that had been instituted prior to the act's effective date.

We are fortified in this view for in the act it is also provided that this appraisement must be submitted to the court for homologation and that the definitive judgment directing the sale of the property "shall provide for an equitable division of the total price of the property as a whole to the interested parties in the proportion the interest of each bears to the whole." It is obvious, therefore, that the defendant was not only not a necessary party to the partition proceedings when they were filed under the jurisprudence of this state, but also that the judgment rendered therein having become executory prior to the effective date of the act, which the plaintiffs had a right to and did execute, did not contain any provision

therein for the division of the proceeds of the sale.

█ The defendant's plea of unconstitutionality is equally without merit for the basis of his plea is that the partition proceedings were instituted under the provisions of Act No. 205 of 1938, whereas they were instituted by the co-owners of the property under the express authority granted them in articles 1289–1414 of the Revised Civil Code.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.

O'NEILL, C. J., dissents.