CULPEPPER, Judge.
This is an action to fix the boundary between two contiguous estates. Plaintiffs are the owners in indivisión of one estate. Defendants are the owners of the other estate and their lessee, Delta Development Company, Inc. The proces verbal of the court appointed surveyor was approved by the parties and judgment was entered fixing the boundary accordingly.
The only thing in dispute is the court costs. The total costs, including the charges of the surveyor, are $396. The district judge assessed one-third to the plaintiffs, one-third to the defendant, Delta Development Company, Inc., lessee of one of the estates, and one-third to the remaining defendants according to their proportionate interests. Delta Development Company, Inc. appealed, contending its exception of no cause of action should have been sustained and that it therefore should not be cast for any portion of the costs. Plaintiffs answered the appeal, contending that all of the costs should be paid by the defendants.
Essentially, the defendant appellant, Delta Development Company, Inc., argues that since it is a lessee, not an owner, of one of the contiguous estates, it cannot be made a party defendant to this boundary action.
Plaintiffs’ petition alleges that they are owners in indivisión of one of the contiguous estates and that the defendants, except Delta Development Company, Inc., are the owners of the other estate. They aver that the old existing boundary line, blazed on trees through the woods, was destroyed by the land clearing operations of Delta Development Company, Inc., who leased the lands for purposes of raising soybeans; that an attempt was made to re-establish the boundary line extra-judicially, but Delta Development Company, Inc. denied plaintiffs’ surveyor the right to go upon the property. Plaintiffs pray only that a surveyor be appointed to fix the disputed boundary line, that it be approved and established by order of court accordingly and that defendants pay all costs.
The defendant Delta Development Company, Inc., filed an exception of no right or cause of action on the grounds that it is merely a lessee of the defendant owners of one of the estates; that it has no rights as regards the fixing of the boundary line in question and therefore cannot be made a party defendant in this suit.
We have concluded that the exception of no cause of action must be sustained, dismissing Delta Development Company, Inc. from this suit.
Applicable here are several articles of our Civil Code. Article 823 states that when the boundaries between two estates have never been fixed, or can no longer be seen, “each of the owners of the contiguous estates has a right to compel the other to fix the limits of their respective properties.” (Emphasis supplied) Article 824 provides that “The action of boundary is derived from the same source as the action of partition. No one being bound to hold an estate in common, no one is bound to leave undecided the boundary lines, which separate his estate from that of his neighbor.” Article 829 states that “The action of boundary may be brought, not only by the owner, but by any person who possesses as owner, and his neighbor cannot require proof of his right of ownership.” (Emphasis supplied) Article 830 provides that the boundary action may be instituted by the usufructuary, but the *116 boundary fixed can be terminated with the usufruct. Article 831 provides: “The lessee has no right to institute the action of boundary, but he may resort to his lessor, and oblige the latter to have the limits of the leased estate ascertained and fixed.”
A lessee does not possess as owner. His possession is only for his lessor. LSAC. C. Articles 3441, 3433 and 3438; LSA-C. C.P. Article 3651, Comment (b) and Article 3656.
Under the above cited Codal Articles, it is clear that the lessee is not an owner of the property, does not possess as owner and actually is expressly prohibited from bringing a boundary action. Although the Code Articles do not expressly state that a boundary action cannot be brought against a lessee, we think the articles clearly contemplate that it cannot. No extra-judicial agreement signed by the lessee would establish the boundary line and no judgment against him would be of any effect in fixing the line. Hence, it is useless to name the lessee as a defendant and there is no cause of action against it.
This view is supported by some of the early cases involving lessees of mineral interests. Prior to the adoption of the statute requiring owners of mineral rights to be made parties to suits for partition of land by licitation, LSA-C.C. Article 741, the jurisprudence of this state was settled that lessees were not necessary parties to such a partition proceeding, in the absence of the allegation that they had actually developed the land for minerals. Amerada Petroleum Corporation v. Murphy, 204 La. 721, 16 So.2d 244 (1943). Applying the rationale of this jurisprudence to the present case, it is apparent that in boundary actions, which derive from the same source as the action of partition, LSA-C.C. Article 824, a lessee is not a necessary party defendant.
An examination of the Articles of the Civil Code dealing with partition shows that this action will lie between owners, LSA-C.C. Article 1308, between possessors under a just title and between usufructu-aries. LSA-C.C. Article 1309. But LSA-C.C. Article 1310 expressly provides that the possession necessary to support the action for partition must be in the name of the person enjoying it and not in the name of another, thus excluding “tenants and de-positaries.” Lessees, who do not possess for themselves but for their lessors, cannot sue or be sued for partition of the land. It follows that they also cannot sue or be sued to fix the boundaries.
The plaintiffs cite no authority supporting the proposition that a lessee can be sued to establish a boundary line. Plaintiffs’ argument in this court appears to be that Delta Development Company, Inc. was at fault in refusing to allow plaintiffs’ surveyor to go on the land and amicably reestablish the boundary line; that DCta’s actions necessitated this boundary suit and it should therefore be assessed with part of the costs. Plaintiffs cite Civil Code Article 2315, our general tort law, as the basis for this argument.
Our answer to this contention is that the prayer of plaintiffs’ petition requests only that the boundary line be established. There is no prayer for damages. Preter-mitting the question of whether a boundary action can be combined with an action for damages for destruction of the old boundary, we find no request for damages has been properly pleaded here.
For the reasons assigned, the judgment appealed is amended so as to decree that the exception of no cause of action filed by the defendant, Delta Development Company, Inc., is sustained and plaintiffs’ suit is dismissed as to this defendant. Also, the costs of court are assessed one-half to be paid by plaintiffs and one-half to be paid by defendants according to their proportionate ownerships. Except as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellees.
Amended and affirmed.