246 So.2d 313 (1971)
REE CORPORATION
v.
Richard Conway SHAFFER et al.
No. 8240.
Court of Appeal of Louisiana, First Circuit.
March 15, 1971.
Rehearing Denied April 19, 1971.
Writ Granted June 16, 1971.
*314 Kenneth Watkins, of Watkins, Watkins & Walker, George Arceneaux, of Duval, Arceneaux & Lewis, Houma, for appellant.
Frank Wurzlow, of Ellender, Wright & Wurzlow, Houma, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
*315 LANDRY, Judge.
Defendants, Richard Conway Shaffer, Elise Shaffer Niemeyer, Edith Shaffer Burrows, Ora Nelms Shaffer and Lorraine K. Shaffer, duly qualified tutrix of the minors, Barbara Ann Shaffer, Thomas Alexander Shaffer, III, and Katherine Ann Shaffer, appeal the judgment of the trial court recognizing plaintiff's right to possession, pursuant to a possessory action brought by plaintiff, of disputed property, situated in Terrebonne Parish, canceling certain oil, gas and mineral leases granted on subject property by defendants to Placid Oil Company, and compelling defendants to assert adverse claims of ownership of the disputed tracts within sixty days of the date of judgment under penalty of being forever barred from claiming title to the properties in controversy. The judgment of the lower court was silent as to plaintiff's claims for damages for alleged loss of rentals, bonuses and royalties allegedly attributable to recordation of the leases from defendants to Placid.
Failure of the trial court to grant plaintiff's claims for damages must be considered a rejection thereof. Brady v. American Insurance Co., La.App., 198 So.2d 907; La-Hitte v. Acme Refrigeration Supplies, Inc., La.App., 192 So.2d 172. Inasmuch as plaintiff has neither appealed nor answered defendants' appeal, the issue of damages is not before us. LSA-C.C.P. art. 2133; Middleton v. Rheem Mfg. Co., La.App., 34 So.2d 271. We reverse the judgment rendered below and dismiss plaintiff's action.
Plaintiff's petition alleges that plaintiff is the owner of an undivided one-half interest in the following described property:
"A Certain Tract of Land situated in the Parish of Terrebonne, Louisiana, measuring twelve (12) arpents front on the right descending bank of Bayou Little Caillou, comprising the whole of Section 79 and 80 and the upper two arpents of Section 81, Township 20 South, Range 18 East (Tr. 10)."
Subject property was allegedly acquired in 1913, by Charles E. Barrett (plaintiff's ancestor in title), Charles W. Harrell and Thomas A. Shaffer (defendants' ancestor in title), in the proportions of an undivided one-third each. In effect, this action is between the heirs of Charles E. Barrett and the heirs of Thomas A. Shaffer. Plaintiff, Ree Corporation, acquired its half interest from E. E. Rogers, who in turn acquired from his mother, Lena Barrett Rogers by inheritance pursuant to judgment dated July 9, 1962. The transfer from E. E. Rogers to plaintiff was in consideration of the exchange of substantially all of plaintiff's capital stock to Rogers.
It is conceded that in 1959, Lena Barrett Rogers executed an oil, gas and mineral lease in favor of Placid affecting an undivided half interest in subject tracts. On November 25, 1959, Richard Conway Shaffer, Elise Shaffer Niemeyer and Edith Shaffer Burrows, recorded a similar lease granted to Placid under date of November 3, 1959. On November 25, 1959, Lorraine K. Shaffer, as tutrix of the above named minors, recorded a mineral lease of the property to Placid. On December 4, 1959 Placid recorded a lease dated December 1, 1959 from Ora Nelms Shaffer. On October 25, 1963, Placid recorded a release or surrender of a portion of the lease granted by Lorraine K. Shaffer, Tutrix, as well as a portion of the acreage leased by Richard Conway Shaffer and his co-lessors. Subsequently, on November 6, 1963, Placid released a portion of the acreage covered in the lease granted by Ora Nelms Shaffer.
Pursuant to the leases from Mrs. Rogers and defendants, Placid, in 1960, successfully completed a well on the property which well produced for a short time until its abandonment in 1961. In essence, plaintiff alleges the leases granted by defendants on November 25, and December 4, 1959, respectively, are still in force and of record as to approximately 84 of the 384 acres contained in subject tracts and, as such, constitute a disturbance in law of plaintiff's possession.
*316 The evidence discloses that subject tracts are 20% to 50% water, 10% high land and the remainder in salt water marsh. As proof of its possession, plaintiff offered testimony to show that it exercised possession through possessive acts of an alleged co-owner, Herbert C. Wurzlow, who claims an undivided one-half interest in subject property and who, though not a party to these proceedings, has granted trapping leases and numerous tenancy agreements permitting various parties to construct piers, camps and other structures fronting upon or along waterways and roadways running through the lands. Plaintiff maintains that Wurzlow's possession, exercised for himself and as plaintiff's agent, entitles plaintiff to base this possessory action thereon.
Defendants filed exceptions of vagueness, lack of possession on plaintiff's part sufficient to sustain a possessory action, and no right and no cause of action. The exceptions were consolidated for trial. Defendants' exception of no right of action was sustained and plaintiff's suit dismissed on the ground that since plaintiff claimed only a half interest in the property and defendants were asserting only a one-third interest, plaintiff had no right to bring a possessory action. On rehearing, the lower court set aside its judgment and permitted plaintiff to amend its petition to allege that defendants were claiming ownership of the entire property. Defendants reurged their exceptions and answered plaintiff's amended petition. At the commencement of trial, defendants requested leave to amend their answers, judicially admitting their claim to ownership is limited to a one-third interest in the property, and tendered a written document to that effect, coupled with the offer to record same in the conveyance records of Terrebonne Parish to remove the alleged slander. On objection by plaintiff, the trial court declined to permit the amendment on the ground the offer was tardy.
Appellants maintain the trial court erred in (1) holding that in order to maintain a possessory action, plaintiff need only show possession at the time of institution of suit and for one year prior thereto; (2) holding that one co-owner, claiming an undivided half interest in lands is disturbed in his possession by another co-owner claiming only an undivided one-third interest in the commonly owned property; (3) admitting in evidence, in a possessory action, documents purporting to show ownership of an undivided half interest of a person not a party to the suit, and also admission of evidence of possession by the alleged non-party owner; (4) ruling that possession by an alleged non-party co-owner in a possessory action possessed as agent of plaintiff and entitled plaintiff to base a possessory action on such possession; (5) finding that the evidence showed sufficient possession, in any event, to sustain a possessory action by plaintiff; (6) refusing to hold that introduction of proof of Wurzlow's alleged one-half ownership in the property converted plaintiff's possessory action into a petitory action, and (7) declining to rule that defendants' proffered disclaimer of all but a one-third interest in the lands rendered plaintiff's action moot.
We consider only those issues which we deem germane to a resolution of issues raised by the pleadings in this instance.
We consider first defendants' contention that plaintiff converted this suit into a petitory action by establishing and relying on possession exercised over subject property by the alleged owner of an undivided half interest who is not a party to these proceedings.
LSA-C.C.P. art. 3657 provides that, except as provided in Article 3661(1)-(3), if a defendant in a possessory action asserts title in himself, alternatively, or otherwise, he converts the suit into a petitory action and judicially confesses plaintiff's possession. LSA-C.C.P. art. 3561 states that in a possessory action ownership or title of the parties is not at issue. It also states that no evidence of ownership is admissible in a possessory action except to prove possession *317 by a party as owner or the extent of a party's possession.
It is clear that plaintiff tendered evidence of its own ownership and that of its alleged co-owner, Wurzlow, not to establish title, but to show how plaintiff allegedly possessed subject property and the extent of such possession. Moreover, defendants concede plaintiff's ownership of an undivided half interest in the property in dispute. Plaintiff, however, does not concede that defendants own any interest whatsoever in the land in controversy. We also note that defendants introduced documentary evidence to establish their claim to a one-third interest in the property, not to establish their title herein, but to show their right to possession as owners and the extent of such right. None of the parties herein are seeking recognition as owners in this proceeding. Each is, however, in effect, claiming the right to possess the subject property as a co-owner. Under such circumstances, each has equal right to rely on its alleged title for the limited purpose indicated. In final analysis, we view this controversy as one between co-owners in which the pivotal issue is the extent to which a co-owner may utilize property jointly held.
Decision herein requires a review of jurisprudence which we deem pertinent. In Gulf Refining Co. of Louisiana v. Carroll et al., 145 La. 299, 82 So. 277 (1919), the Supreme Court held that a lessee of mineral rights from one co-owner could not exercise his lease rights without the consent of all the other co-owners. In this respect, the court stated in Carroll as follows:
"Now the owner of an undivided half of a tract of land has not the right to exploit the land for oil and gas without the consent, implied or express, of his co-owner, and not having this right himself he cannot confer it upon a lessee; and the plaintiff company has not alleged that it has the consent, implied or express, of S. P. Carroll for going upon this land to exploit it for oil and gas. On the contrary, the plaintiff company, by charging S. P. Carroll with having resorted to the devious means of a collusive suit for defeating the lease in question, has in effect alleged that this co-owner is opposed to the said lease being carried out.
"Co-owners are owners par mi et par tout, of part and of the whole. Neither of two co-owners has the exclusive right to any determinate part of the common property. So true is this, that when, in the case of Martel v. Jennings-Heywood Oil Syndicate, 114 La. 903, 38 South. 612, this court was applied to by a co-owner to be placed in possession of his interest in the common property, the request had to be refused because such a thing was legally impossible.
* * * * * *
"A co-owner may therefore oppose any attempt by his co-owners, or by a lessee of his co-owner, to exploit the common property for oil and gas.
The question is as old as the Roman Law:
`Sabinus in re communi neminem dominorum jure facere quicquam, invito altero, posse. Unde manifestum est prohibendi jus esse; in re enim potiorem esse prohibentis causam constat.' Dig.L. 28, Communi Dividundo.
`According to Sabinus one of the co-owners of a thing in common can do nothing (in re) in or concerning the thing (invito altero) against the will of, or in opposition to, the other. Hence it is manifest that this other has the right to prohibit the doing of anything, for it is certain that the right of that one of the owners who makes opposition is the stronger.'"
Subsequently, in United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., 176 La. 1024, 147 So. 66 (1933), plaintiff sought to enjoin a co-owner from continuing drilling operations on their jointly held estate. On initial hearing, the Supreme *318 Court granted the injunction based on the following pronouncements:
"Plaintiff relies for its right of action on the doctrine of Gulf Refining Co. v. Carroll, 145 La. 299, 302, 82 So. 277, 279, that a co-owner may oppose any attempt by his co-owner, or by a lessee of his co-owner, to exploit the common property for oil or gas (or other minerals), a doctrine `as old as the Roman Law'; under which `any single one of the co-owners can prevent all innovations, however advantageous they might be, and however much desired by all the other co-owners; for each one is at liberty to maintain his right in the exact condition in which it is,' citing Carpentier and DuSaint, Repertoire de Droit Francais, verbo Indivision, No. 111; and `it may be laid down as a principle that the co-owner of property held in indivision cannot lease it without the consent of his co-owners,' citing Fuzier-Herman, Repertoire de Droit Francais, verbo Bail, No. 192.
"Defendant relies on the opposite doctrine of the common law, that `a tenant in common could not be guilty of committing waste or trespass against his co-tenants; * * * (and) in the absence of a statute changing the rule of the common law, one tenant in common of land may go upon it, sink a well, and produce oil and gas therefrom without the consent of the co-tenants. Their remedy is partition. In most of the states, however, by statute, the action of one tenant in common in operating the joint property, especially where the mines had not been previously opened, is waste as to the co-tenants, when done without their consent, and may be enjoined. (Italics by this writer.) Mills and Willingham on the Law of Oil and Gas, § 177, p. 265.
"Since, in this state also, `when parties own lands or leases or other property in common and cannot agree between themselves, the obvious course for them to follow is to demand a partition thereof between them (Allies Oil Co. v. Ayers, 152 La. 19, 92 So. 720)', and injunction is a proper proceeding to prevent what in this state amounts to `waste as to co-tenants' (Cotten v. Christen, 110 La. 444, 34 So. 597), we see no great difference (or even real difference at all) between the two systems; and hence we prefer to follow our own precedents rather than the rule stated by a court of another jurisdiction, that `the peculiar circumstances of a cotenancy in land upon which oil is discovered warrant one co-tenant to proceed and utilize the oil, without the necessity of the other co-tenants concurring (because the land might be drained of its oil by wells on adjoining property).' Burnham v. Hardy Oil Co. (Tex.Civ.App.) 147 S.W. 330, 335."
On rehearing granted in United Gas, above, the court, in reversing itself, appeared particularly impressed with the fact that the disputed tract was being drained of its natural gas by wells located on adjoining tracts owned by plaintiff who sought the injunction. The court also noted that defendant disputed plaintiff's alleged title to the subject tract. The court in United Gas based its decision to grant or deny the injunction on the question of whether irreparable injury would result to either party from such denial or grant. In this respect, the court stated:
"In support of its contention, relator relies on the cases of Cotten v. Christen, 110 La. 444, 34 So. 597, and Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277. Neither of these cases, in our opinion, is appropriate to the instant case.
"The case of Cotten v. Christen involved the cutting of timber by a co-owner. There the court held that the defendant co-owner could not cut the timber on the land owned in common, and that such cutting, if permitted, would constitute irreparable injury. The decision is predicated on the generally accepted fact that growing trees, forests, etc., have other than a commercial value. *319 Their cutting, if permitted, would constitute a destruction rather than an enjoyment of the property by the owners in common.
In the case of Gulf Refining Co. v. Carroll, the court held that a co-owner was without right to exploit the common property for oil or gas and, consequently, was not authorized to convey that right to another. It does not appear from the opinion in the case that the land involved was proven oil or gas land nor that it was being drained and destroyed by adjacent wells.
* * * * * *
"If it be conceded that the title of relator was proved or admitted, the question then arises whether the damage occasioned relator by the court's refusal to grant the injunction would be irreparable. We do not think it would be. On the contrary, if the injunction were granted, it might cause irreparable injury to the defendant. In that event a tract of land that has no value except for the production of oil and gas might be destroyed and denuded of that which creates its value and its owners left without any remedy either to recover therefor or to prevent the loss."
It would appear that United Gas, above, does not enunciate a general rule but one evolved to produce an equitable result under the peculiar circumstances therein involved. In United Gas, above, the court denied the injunction sought by a co-owner seeking to prevent mineral development under a lease granted by another co-owner because: (1) Subject lands were principally suitable for mineral development; (2) plaintiff seeking the injunction owned a minority interest in the lands; (3) subject property was being drained by wells located on adjacent property belonging to plaintiff in the injunction action, and (4) defendants, as co-owners, would suffer irreparable injury if the mineral development of subject property was not permitted.
We note next Stinson v. Marston, 185 La. 365, 169 So. 436 (1936), wherein plaintiff, as co-owner of a plantation, sued to cancel a predial lease of the property granted by another co-owner. In denying plaintiff the right to either cancel the lease or enjoin its exercise by the lessee, the Supreme Court declared:
"The courts of this state have always recognized the right of a co-owner to use the property held in common for the purposes for which it is destined, such as the cultivation of farm lands of the sort involved in this controversy. Becnel v. Becnel, 23 La.Ann. 150; Toler v. Bunch, 34 La.Ann. 997; Moreira v. Schwan, 113 La. 643, 37 So. 542.
"Every co-owner has the right to insist upon the use of the entire property, for without the use of the entire property, such as the cultivation of a plantation, no co-owner can receive those returns to which he is entitled according to his ownership.
* * * * * *
"In such a case, as said in Moreira v. Schwan, 113 La. 643, 647, 37 So. 542, 543, `Plaintiff's remedy is by suit for a partition and settlement of accounts, or for a division of profits, if any.'
* * * * * *
"Injunctions have been granted only in cases where the cutting of timber will change the character of the place and would amount to waste; or where the property has been destined for use as a plantation and the drilling of an oil well would have been an innovation and the draining of oil would constitute waste. Cotten v. Christen, 110 La. 444, 34 So. 597; Breaux v. Albert Hanson Lumber Company, 125 La. 421, 51 So. 444; Gulf Refining Company v. Carroll, 145 La. 299, 82 So. 277.
"The United Gas Public Service Company v. Arkansas-Louisiana Pipe Line Company, 176 La. 1024, 147 So. 66, was a suit in which one co-owner sought to enjoin a person holding a lease from other co-owners from drilling an oil and gas well on the land. The property had *320 little, if any, value for farming purposes, but it did have great value for mineral purposes and the lands were being drained. This court refused to allow an injunction in that case, * * *"
In Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558 (1940), plaintiff, as holder of a mineral lease from several of numerous co-owners, sued to set aside a partition of the property on the ground plaintiff, a necessary party to the partition suit, was not joined therein. In Reese, the court reiterated the rule announced in Carroll, above, to the effect that a co-owner does not have the right to exploit land for mineral purposes and cannot confer such right on others without the consent of all co-owners. The rationale of the rule was stated in Reese to be that co-owners are owners of part and of the whole, neither co-owner having the exclusive right to any determinate part. The opinion in Reese likewise noted that in Martel v. Jennings-Heywood Oil Syndicate, 114 La. 903, 38 So. 612, the court declined to place a co-owner in possession of his undivided interest because such a thing is a legal impossibility. Having so observed, the opinion in Reese then states:
"`Inasmuch as the right of each one of the joint owners consists in an ideal quota and not in any specific entity, no one of them may without the consent of the others exercise on the totality of the common property, nor on any physically determinate part of it, any material or juridical acts involving the exercise of the actual and immediate right of ownership.' Carpentier and Du Saint, Rep. Droit Francais, vo. Indivision, p. 152, No. 111. * * *
"`It may be laid down as a principle that the co-owner of property held in indivision cannot lease it without the consent of his co-owners. The latter would have the right to cause to be annulled in its entirety a lease which had been entered into without their concurrence, for, as long as the indivision continues, each one of the joint owners has a right to the whole.' citing Fuzier-Herman, Repertoire du Droit Francais, vo. Bail, No. 192 and others."
At first glance Stinson, above, appears in contradiction with Carroll, above, as regards the basic rights of co-owners. Stinson, above, clearly holds that a co-owner has the right to use of all property held jointly, provided such use is in accord with the purpose for which the property is destined. Stinson also indicates that a co-owner may grant a mineral lease which may be exercised by the lessee anywhere on the jointly held property, provided the property was destined for mineral development and not for some other principal use such as a plantation. In this regard Stinson, above, declares:
Injunctions have been granted only in cases where the cutting of timber will change the character of the place and would amount to waste; or where the property had been destined for use as a plantation and the drilling of an oil well would have been an innovation and the draining of oil would constitute waste. Cotten v. Christen, 110 La. 444, 34 So. 597; Breaux v. Albert Hanson Lumber Company, 125 La. 421, 51 So. 444; Gulf Refining Company v. Carroll, 145 La. 299, 82 So. 277.
For reasons hereinafter stated, we conclude the above quoted language from Stinson, above, must be considered inadvertent. Contrary to Stinson, above, Carroll, above, expressly declares that no co-owner has the exclusive right to any determinate part of the common property, and therefore cannot grant such right to another. Nor can Stinson, above, be considered as having overruled Carroll, above, because the principle enunciated in Carroll, above, has been subsequently and consistently approved in Amerada Petroleum Corporation v. Reese et al., 195 La. 359, 196 So. 558; Amerada Petroleum Corporation v. Murphy, 204 La. 721, 16 So.2d 244, and Sun Oil Company et al. v. State Mineral Board, 231 La. 689, *321 92 So.2d 583. Similarly, the courts, in British American Oil Producing Company, et al. v. Grizzaffi et al., La.App., 135 So. 2d 559, and LeBlanc, et al. v. Scurto, La. App., 173 So.2d 322, have subsequently followed the principles delineated in Stinson, above.
Judicial sanction of such a seeming inconsistency is not as anomalous as would appear on first impression. LSA-C.C. art. 491 declares that ownership includes the right to use, enjoy and dispose of property. Consistent with the co-owner's right to use and enjoyment, and in keeping with the principle that property is to be preserved, we deem it reasonable that a co-owner have the right to use the common property for the purpose for which it is intended. Such a rule promotes the interests of all concerned. A corollary to this rule, however, is that no co-owner has exclusive rights to the jointly held property and may not impair the rights of other co-owners by granting real rights in and to the common property. A predial lease is a personal right. Leonard v. Lavigne, 245 La. 1004, 162 So.2d 341. On the other hand, a mineral lease is classified as a real right. LSA-R.S. 9:1105, LSA-C.C.P. art. 3664. If a mineral lease be not a jus in re, it is at least a jus ad rem, a right upon the thing. Reagan v. Murphy, 235 La. 529, 105 So.2d 210. We believe that Carroll, above, insofar as it prevents the exercise of more than a personal right upon jointly held property, must be deemed still viable. Likewise, Stinson, above, must be considered viable for it is entirely consistent with a co-owner's right to use property and with the policy that the preservation of jointly held property should be advanced.
On initial hearing, the Supreme Court in Sun Oil Company v. State Mineral Board, 231 La. 689, 92 So.2d 583, expressly held that a co-owner may grant a mineral lease of his interest and that, as between lessor and lessee, the lease is valid, but it may not be exercised without the consent of all co-owners. In this regard, the court in Sun Oil Company, above stated:
"This Court has recognized that, as between the parties, the lease of mineral interests owned in indivision with others is valid since one may validly lease property belonging to another. Spence v. Lucas, 138 La. 763, 70 So. 796; Gulf Refining Co. of Louisiana v. Carroll, 145 La. 299, 82 So. 277 and Articles 2681 and 2682 of the Civil Code.
However, it is well established in the cited cases and in the many authorities following them, see Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558 and cases there cited and Amerada Petroleum Corporation v. Murphy, 204 La. 721, 16 So.2d 244, that such a lease is null insofar as the other co-owners are concerned and a co-owner may oppose any attempt by his co-owners, or by a lessee of his co-owners, to exploit the common property for oil and gas, the theory being that co-owners are owners par mi et par tout, of part and of the whole, and no co-owner has the exclusive right to any determinate part of the common property."
We find that Stinson v. Marston, above, does not preclude plaintiff co-owner from instituting suit against defendants as co-owners, even though subject property, composed as hereinabove indicated, appears best suited for mineral exploration and development. We must determine, however, what procedural remedies are available to plaintiff under the circumstances. Pursuant to Carroll, above, plaintiff would clearly be entitled to an injunction prohibiting Placid from exercising the leases granted by defendants provided this matter does not come within the ambit of United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., above. We find United Gas, above, inapplicable because the principal compelling reasons found therein for sustaining the lease are not present in this instance. Here no physical disturbance is concerned. Even though subject lands are *322 best suited for mineral development, there is no showing of waste or depletion of its mineral resources. No irreparable injury has been alleged or shown. In this case, plaintiff complains solely of a disturbance in law.
As initially drafted, defendants' leases covered subject property in its entirety. Placid recorded releases on certain lands covered in the leases, thus raising the question whether the continued recordation as to the remaining property affected, constitutes a disturbance in law of plaintiff's possession thereof. As noted in Sun Oil Company et al., above, citing Spence v. Lucas, 138 La. 763, 70 So. 796; Gulf Refining Co. of Louisiana v. Carroll, 145 La. 299, 82 So. 277; and Articles 2681 and 2682, LSA-C.C., a mineral lease by one co-owner is valid as between the lessor and lessee, but void as to the remaining co-owners and may not be exercised without the consent of the other co-owners. Since such a lease is valid as between lessor and lessee, it follows that it may not be stricken from the public records.
We believe the net effect of all the jurisprudence considered limits the rights of co-owners to prevention of the exercise of mineral leases to which they are not parties, coupled with the privilege of having such leases declared void as to the non-signatories. We likewise find that the mere recordation by one co-owner of a mineral or other lease covering property held in common, does not constitute a disturbance of another co-owner's possession, because as to such other co-owner, the lease is devoid of legal effect. Since there is no disturbance of possession in such instances, the non-signatory co-owner has no right to institute a possessory action against his co-owner lessor. The remedy in such instances is institution of an action to declare the lease a nullity as to the co-owner who is not a party thereto.
However, should one co-owner purport in a lease to own a share of the commonly held property which would impinge upon the proportionate ownership of another co-owner, the instrument would constitute a disturbance in law of the latter's possession which disturbance could be abated by means of a possessory action. In this connection, we note Coleman v. Bradford, La.App., 23 So.2d 818, which held that where plaintiff in a jactitory action failed to allege that defendant purported to own an interest that would infringe upon plaintiff's asserted proportionate part, no cause or right of action was stated.
In Coleman, above, the court noted:
"In view of the fact that plaintiff asserts his ownership and title to only an undivided one-half interest in the property, and fails to allege that the pretended acquisition of Bradford exceeded the outstanding undivided one-half interest, it follows that plaintiff has failed to properly allege a slander of title to an undivided one-half interest in the property described."
The jactitory action involved in Coleman, above, is the same as our present possessory action to abate a legal disturbance.
We are in agreement with the rule announced in Coleman as it has a tendency to reduce litigation by limiting the extent to which an owner in common can contest the right of his co-owner to possession of property jointly held. This accords with the general rule obtaining in this state that each co-owner has the right to possession of the common property and that the courts will not interfere with a co-owner's use of common property except in unusual circumstances such as to prevent waste, Cotten v. Christen, 110 La. 444, 34 So. 597, or avoid a change in the basic purpose for which the land is destined, Stinson v. Marston, above. Neither such instance is presented in the case at hand. No present attempt is being made to develop subject property. We are not here concerned with a disturbance of plaintiff's alleged physical possession. We also believe our ruling accords with the time honored rule in this *323 state that where co-owners are in disagreement, or where one usurps possession of the whole, the remedy is for partition and a settlement of accounts and a division of profits, if any. Moreira v. Schwan, 113 La. 643, 37 So. 542; Stinson v. Marston, above.
We are also of the view the trial court abused its discretion in refusing to permit defendants opportunity to amend their answer herein. LSA-C.C.P. art. 1151 permits amendment of answer once without leave of court at any time within ten days of service of answer. Otherwise, an answer may be amended only with leave of court. No prejudice would have resulted to plaintiff had the proposed amendment been allowed. Moreover, not to permit the amendment would present the matter to the court on a distorted fact basis. We believe that courts should encourage, not deter, declarations or admissions which will tend to clear up or settle any aspect of an action in keeping with the well established principle that compromise and settlement should be promoted and encouraged wherever possible. In this same connection, we note that whereas plaintiff vehemently opposed the proffer of defendants' disclaimer in the trial court, plaintiff conceded in its brief that defendants are claiming no more than a one-third interest in subject property.
Since defendants' claim of ownership does not impinge upon the undivided half interest asserted by plaintiff, and the recordation of defendants' leases does not constitute a disturbance in law of plaintiff's right to possession as co-owner, plaintiff has no ground upon which it can maintain a possessory action in this instance. We expressly find that plaintiff's remedy is either for partition or petitory action wherein, in either event, the dispute as to title may be resolved.
It is ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiff Ree Corporation and against defendants, Richard Conway Shaffer, Elise Shaffer Niemeyer, Edith Shaffer Burrows, Ora Nelms Shaffer and Lorraine K. Shaffer, duly qualified tutrix of the minors, Barbara Ann Shaffer, Thomas Alexander Shaffer, III, an Katherine Ann Shaffer, be and the same is hereby set aside and reversed in its entirety, and judgment rendered herein in favor of defendants dismissing plaintiff's possessory action at plaintiff's cost.
Reversed and rendered.