(37 South. 542.)

No. 14,998.

MOREIRA et al. v. SCHWAN.

(April 25, 1904. On Rehearing, Dec. 5, 1904.)

JOINT OWNERS—RIGHTS AND POWERS—AC-
COUNTING—ACTION FOR POSSESSION—RENTS
OF JOINT PROPERTY.

1. Where the joint owners of a storehouse cannot agree as to its administration, and the evidence shows that the joint owner in possession has charged himself with the full rental value of the property, and expended same for the common benefit in defraying expenses of cultivating a plantation jointly owned by the parties, plaintiffs' remedy is by suit for a partition and settlement of accounts, or for a division of profits, and not by action for possession and to recover their proportion of the rents of the storehouse, with damages.

On Rehearing.

2. An amount due by a joint owner for rent of property which he has used, without objection of his co-owners of property, toward defraying the expenses of other property, a plantation owned in common, will remain on the "plantation account" in settlement of plantation affairs to be accounted for.

3. The owner in possession had no right to continue applying the rent toward paying expenses after suit brought, fully notifying him that they did not consent to the use of the rental as made, but were opposed to it.

4. Where the facts show that a joint owner of a property is holding on to rental without right, and applying it to a purpose against the wish of the owners, they are entitled to judgment for the rental from the day that the joint owner, who is lessee, is notified that he must cease thus to apply the fund.

5. After notice they were funds for which the joint owner, lessee as well as agent, is liable.

6. If a joint owner wrongfully confiscates a joint owner's rent, the latter may sue to recover the rent and be reinstated in his rights as joint owner.

7. At first the joint owner used the property, of which he afterwards became tenant, with due regard to the rights of his co-owners. Afterward he applied the rent to pay the expenses on another property also owned in common.

Held, that he could not, in opposition to the will of his co-owners, continue to use the rental in payment of the expenses of other property. The rent under the circumstances did not enter in all the accounts between the parties, to be used as one of the number might please. He was the agent of the joint owners, and is accountable to them for their portion of the rent from the date that he was notified to thus account.

Land, J., dissenting.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Odille Moreira and others against William Schwan. Judgment for defendant, and plaintiffs appeal. Modified.

Hubert M. Ansley, John Bunyan Roberts, and Clegg & Quintero, for appellants. Henry Mayer and W. Richards Gates, for appellee.

LAND, J. The two plaintiffs, Mrs. Odille Moreira and her daughter, Miss Julia Moreira, and the defendant, William Schwan, own in indivision a certain lot of ground, with a storehouse and other buildings thereon, situated in the parish of St. Mary. The parties own an undivided third interest each in said property.

The petition represents, in substance, that defendant has taken exclusive possession and control of said lot of ground, with the buildings and improvements thereon, and has by his illegal actions deprived plaintiffs of their interest in the common revenue derived from said property.

The petition further represents that in the year 1902 they, with the consent of the defendant, made a contract with Block & Levy, by which said parties agreed to lease said premises for one year at the rate $60 per month, with the privilege of renewal at an advanced rate of rental, but that said defendant, after first promising, refused to sign the contract of lease, which had been signed by plaintiffs; that said defendant refused to deliver said property to said lessees, and ever since maintained sole possession and control of the premises, conducting therein a mercantile business.

The petition charges that the illegal and

unwarranted actions of defendant have deprived the plaintiffs of the use, possession, and control of their said property, and has damaged them as follows:

Two-thirds of $60 per month for 12 months, amounting to the sum of $480; to attorneys' fees incurred in maintaining their vested rights, $500; and to punitory damages, $1,000.

The prayer of the petition is that plaintiffs be decreed to be the owners in indivision, in the proportion of one-third each, of the property described in the petition; that they be decreed to have the free use, possession, and control of the said property jointly with defendant; that the said defendant be ordered to restore to plaintiffs the free use, enjoyment, possession, and control of their said undivided interests in said property; and for judgment against defendant for the sum of $2,480 damages and costs.

Defendant filed an exception of no cause of action, which was sustained; but a new trial was granted, and the exception was referred to the merits.

Defendant, for answer, pleaded the general issue, but admitted the joint ownership of the property as alleged in the petition.

Defendant avers that he has been in possession of the premises in question since March 22, 1902, paying therefor $60 per month, to the knowledge of plaintiffs, and that the rent so paid had been enjoyed and used by the co-owners in indivision in the conduct and working of a plantation owned by defendant and plaintiffs.

Defendant further avers that he had consented to the lease of the property in question, provided the lessee would purchase his stock of merchandise at original cost price, and that Block & Levy agreed to this condition, but subsequently refused to purchase said stock, on the grounds that the cost price was too high, and there was more goods in the store than they had anticipated.

Defendant prayed that plaintiffs' demand be dismissed and rejected at their cost.

The cause was tried, and there was judgment in favor of defendant as prayed for. Plaintiffs appealed.

The property in dispute, the Germania Plantation and a brick building in Franklin, belonged to Valentine Schwan. On his death his estate passed to the parties to this litigation, to wit, Wm. Schwan, son, Mrs. Moreira, daughter, and Julia Moreira, granddaughter, of the decedent.

The defendant took charge of the property belonging to the estate, and has ever since, with the consent of the plaintiffs, been managing the plantation.

The store in question was leased by Valentine Schwan to one Ducro, who subsequently became a bankrupt. Thereupon defendant, acting for himself and as agent for his co-owners, leased the store to Migeot Bros. until January 1, 1903, with the privilege of renewal for three years, at a monthly rental of $60. It was stipulated that after 30 days' notice the lessees should have the right to discontinue the lease, and in that event Wm. Schwan obligated himself to purchase their stock and fixtures on certain terms and conditions.

In November, 1901, plaintiffs brought suit to annul this lease as unauthorized, and to recover possession of the property and damages. It appears that this suit was compromised, Migeot Bros. abandoning possession to Wm. Schwan, who purchased their stock, etc., and agreed to pay the cost of the suit.

The co-owners then negotiated with Levy & Block in regard to the lease of the storehouse. The evidence shows that defendant's consent to the lease was conditioned on the lessees' purchasing his stock of merchandise. There was disagreement between defendant and Levy & Block as to the purchase, and the negotiations were abandoned.

Defendant remained·in possession of the store, and charged himself with the monthly rental of $60, which was used in paying the hire of laborers on the plantation.

This suit was filed in September, 1902. The joint ownership of the property is admitted. The evidence shows that the rents of the property have been accounted for, having been expended for the common benefit.

Plaintiffs have not been injured. The case presented is one where the co-owners of property cannot agree as to its administration, and it remains in the possession of one of them, who claims to have expended the rental value for the common benefit of the joint owners. ·

Plaintiffs' remedy is by suit for a partition and settlement of accounts, or for a division of profits, if any. Until the accounts be settled, the question of debt vel non between the owners in indivision cannot be determined.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, without prejudice to plaintiffs' rights as co-owners in the premises; plaintiffs and appellants to pay costs of appeal.

## On Rehearing.

BREAUX, C. J. Whilst we agree with our original judgment in part, we are of opinion that plaintiffs are entitled to some relief, and that our judgment heretofore handed down should be changed in certain particulars.

We do not in the least intend to change or modify the principle, well settled, that a partner cannot sue his partner for a special item; "that the suit must be for a general settlement."

Plaintiffs' claim does not fall within the terms of the rule just stated.

The doctrine that there can be no account without dissolution has no application here.

Defendant in his answer admits that he is joint owner of the property; that it was a common inheritance of the parties, plaintiffs and defendant. In consequence, it forms a community of property among the parties.

One of the properties, a plantation, "The Germania," is in charge of defendant, who acts as the agent of plaintiffs. He pays the hands thereon, and attends to other details of the management.

The other property is entirely separate from the plantation. It is town property in the town of Franklin, which has yielded, and is still yielding, some rental to the owners.

Since some time, defendant occupies the property, one-third of it individually, and two-thirds to be accounted for to plaintiffs.

The defendant collected $60 a month as rent, but says that he used the money in paying plantation hands working on their joint property, and taxes and insurance on this town property.

He admits that he owed two-thirds of the rent, but says that he used the amount for joint account in paying hands of the plantation.

Plaintiffs do not directly deny that defendant used the amount of rental as he states. Their petition claims their proportion of the rental. They do not seem to know much about it.

In view of the facts shown, and in view of the testimony of defendant, which plaintiffs do not as witnesses oppose, the defendant is entitled to credit for the amount of rental he has expended for the Germania prior to the institution of this suit. If a settlement be made of the affairs of the plantation with the other owners, the defendant will be entitled to an accounting for rents received by the plantation to pay its outlays.

The rental allowed by us as due by the plantation includes all rental collected by defendant up to the time that plaintiffs' petition was filed.

From that date it was made very evident that plaintiffs were entirely unwilling to let their rental be applied toward defraying expenses of the plantation.

Their suit against defendant was notification enough to him not to apply the rental to pay the expenses of "Germania." Defendant was acting as their agent, and from the day the suit was filed he should have ceased merging plaintiffs' rental into plantation expenses.

Defendant admits that he is liable for rent for all the years claimed. We cannot allow less than the amount he used against the will of plaintiffs, formally expressed in their petition, from the time the petition was filed.

This brings us to the question of the possession to which plaintiffs lay claim. We do not take it that defendant questions plaintiffs' rights as partners, if limited to two-thirds, the extent of their interest.

As relates to possession as partners, we can only say there is in these three owners a unity of right to possess. If one of the three enters into and takes the rent, he does the act for his co-owners as well as himself; and, if one takes the rent and uses it for another purpose, he has no right to continue thus using after he is notified of the unwillingness of his copartners. His acts are subordinate to the title of his copartners. Plaintiffs are in possession, to the extent of their interest, through the possession of defendant. Defendant cannot hold exclusively for himself without accounting to any one. Under the petition filed we must decline to go further in this matter, and we remit the parties to pursue their right and remedies as joint owners. Neither will we pass upon the question of right vel non to oust the defendant, as we do not consider the question before us.

Returning to the rule which lays down that a partner cannot sue his copartner prior to a dissolution and settlement, and the inapplicability of the rule in certain cases, we find several decisions of our own courts holding that a partner may sue his copartner for relief against wrongful and injurious acts.

We will not follow the subject to the last analysis. It is sufficient to refer to Hennen's Digest, verbo "Partnership," to become satisfied that a partner who seeks to dispossess his partner, or does some similar wrongful act, may give rise to a suit.

There is an English suit very much in point. One of the partners conceived the idea that he must prevent the possibility of carrying on the partnership business, and to that end he resorted to unfriendly acts. His object was to compel plaintiff to agree to a dissolution. Plaintiff was not agreeable to that wish of the defendant, who insisted that plaintiff was entitled to no relief except with a view to dissolution and settlement. In that view, if a person was fraudulently inclined, he might compel his copartner to submit to one of the two things—dissolve the partnership, or to ruin by continuing as a member of the partnership. The court held that the principle before stated did not go to that extent. This case is referred to by Lindley in his excellent work on Partnership, p. 953.

Plaintiffs claim a large amount in damages, which we allow only to the extent that rental has been used against the wishes of plaintiff only since this suit was instituted. As to the amount used by him prior to suit, he is entitled to full credit from "Germania."

The law and the evidence being in favor of the plaintiffs, it is ordered, adjudged, and decreed that plaintiffs' right to possession and control of the said property jointly with defendant is recognized in the proportion of two-thirds in plaintiffs and one-third in defendant, and that as long as defendant continues in possession under said lease he shall owe two-thirds of $60 a month to plaintiffs, for which judgment is accordingly render-

ed, the amount due to begin at said rate per month from the 13th day of September, 1902, subject to a credit of whatever tax and insurance the defendant has paid on said rented property.

It is further ordered, adjudged, and decreed that defendant pay costs of both courts, and that the judgment heretofore handed down by us be amended so as to make it conform with this decree. In those respects that it is not consistent with this decree, the terms of the said judgment are avoided, annulled, and reversed; in other respects, it is reinstated as the judgment of this court.

LAND, J., dissents, for reasons stated in the original opinion of the court.