ELLIS, Judge.
This appeal is before us challenging the correctness of a decision by the District Court of Terrebonne Parish which granted plaintiffs an injunction against defendant, enjoining and prohibiting the latter from in any way blocicing a certain alley or interfering with the rights of plaintiffs to use the alley as a means of passage.
The plaintiff, Mrs. Santa Scurto LeBlanc, wife of Edward N. LeBlanc, is the owner of an undivided one-third interest in certain real property in Houma. Sam Scurto owns another one-third and Mrs. Antonia Mule Scurto, widow of Charles Scurto, owns the final one-third. While the latter co-owner was made a party defendant, it does not appear from the record that she took any part in defending the suit or that she is involved in the dispute. The common property is situated at the intersection of Barrow and Main Streets, fronting 67.1 feet on Main and 115 feet on Barrow. It is fully developed and occupied by several small stores and shops, among them a shoe shop of which defendant Sam Scurto is the proprietor.
On the south end of this property there is, and has been for at least fourteen years, a 12 foot alley opening into Barrow Street and dead ending some few feet east of the parties’ east boundary. The passage has been used extensively by the Phillip Morris Furniture Company, the lessee of a store situated south of the litigants’ property on property owned individually by Edward N. LeBlanc. Additional use was made of the alley by city garbage trucks.
On May 27, 1964, at about 9:00 A.M., defendant parked his car in this alley, effec *324 tively blocking it. Defendant did not often use the alley and claims to have done so on this occasion to facilitate the unloading of some parcels from his car into the shoe shop. Plaintiffs claim that defendant parked his car there in order to prevent them from using the alley and that such activity constitutes irreparable injury to their rights as co-owners to use the property.
It appears that the motive advanced by plaintiffs for the blocking of the alley is substantiated by the evidence. The testimony of Mrs. LeBlanc attributes to defendant statements to that effect. It is evident that there is considerable ill feeling between the parties and that the simple and infrequent blocking of the alley would not have led to the heated words and simple batteries which were freely exchanged between Mrs. LeBlanc and her brother, Sam Scurto, in the latter’s shop while the alley was blocked. The record indicates that Sam Scurto acted as he did in an effort to persuade the LeBlancs to sell him their interest in the land and improvements occupied by his shoe store.
Regardless of the actual motives of the parties, this Court must determine the applicability of the injunctive process as between co-owners where one of the co-owners has acted to deliberately deny to the others the equal and coextensive possession of a designated portion of the common estate granted to each co-owner by the law of Louisiana.
It should be made clear at this point that plaintiffs are not seeking an injunction to prevent defendant from using the alley. No demand of that nature could be seriously proposed because of the obvious impossibility of protecting the equal rights of both parties by denying those rights to one. It is precisely this dilemma which impels the necessity of the provisions in our law giving to all co-owners a right to demand a partition of the property held in common.
What is sought by plaintiffs, and what was granted in the tribunal below, is an injunction prohibiting defendant from blocking the alley or interfering with the rights of plaintiffs to use the alley as a passageway. In other words, plaintiffs are before this Court seeking protection of their rights as co-owners, not a denial of those same rights to the defendant.
In determining whether or not in-junctive relief is proper in cases of this nature, it is necessary to determine the use for which the common property is intended. In the case of Stinson v. Marston, 185 La. 365, 169 So. 436, the Supreme Court recognized that:
“The courts of this state have always recognized the right of a co-owner to use the property held in common for the purposes for which it is destined, such as the cultivation of farm lands of the sort involved in this controversy. Becnel v. Becnel, 23 La.Ann. 150; Toler v. Bunch, 34 La.Ann. 997; Moreira v. Schwan, 113 La. 643, 37 So. 542.
* % * * * *
“The co-owner is further entitled to see that the property is preserved or maintained without deterioration; * * * ” (Emphasis added.)
Having established the use to which the common property is best suited, or is reasonably being put, the courts of this state will sanction injunctions between co-owners to prevent a waste of that property, or a denial of equal and coextensive possession by a co-owner. Thus, in Cotton v. Christen, 110 La. 444, 34 So. 597, the Court sanctioned an injunction between co-owners to prevent one from removing timber to the prejudice of the other, finding that such unauthorized removal was in the nature of a trespass on the rights of the other.
The alley in question was certainly used as an avenue of passage and not as a parking lot. There is evidence to indicate that the Phillip Morris trucks loaded and unloaded in an area which did not interfere with the passage. However, even if these *325 trucks do block the alley, it cannot be said that the blocking is deliberate and no showing has been made that they have ever refused passage to defendant. The deliberate blocking of the alley by the defendant to satisfy his desire for revenge or to induce some action on the part of his co-owner cannot be sanctioned.
It is apparent, therefore, that injunction does lie as between the co-owners in the instant situation. In using the common property for spite, or even for parking an unreasonable length of time to unload parcels, the defendant has converted its use from passage to parking. By parking as did the defendant co-owner in the present case practically all day, plaintiffs co-owners have been deprived of equal and coextensive possession and use of the common property. This is in the nature of a waste of the property just as surely as the cutting of trees is a waste. Except in situations where a co-owner is entitled to be maintained in possession against attacks by a co-owner out of possession, either has the right to demand of the other equal possession and coextensive use of any given spot within the common estate. If the defendant co-owner wishes exclusive possession of the common property or any part thereof, his remedy is by suit for partition. He cannot legally prevent equal and coextensive possession of the common property to his co-owner. The latter is entitled to be maintained in such possession. Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277.
The defendant in this case has an equal right to an injunction against the plaintiffs to prevent them, or those tenants holding under them, from blocking the alley in such a manner as to destroy the equal and coextensive possession and use by all co-owners. However, such an injunction has not been sought by defendant. Such an action would clearly have defeated his purpose — the forcible filing of a partition suit by plaintiff or extra-judicial partition.
Counsel for defendant earnestly argues that even if plaintiffs sought to board up the windows and doors of the shoe shop, defendant would be without an in-junctive remedy. While we do not propose to answer hypothetical questions, suffice to say that spiteful conduct on the part of a co-owner will not be tolerated on the pretense that he is simply exercising his equal and coexistive rights. Such conduct can be viewed in no other light than as constituting a waste of the property and a trespass on the rights of the co-owner.
The case of Juneau v. Laborde, 228 La. 410, 82 So.2d 693, is inapplicable in the instant situation because that was a suit by a co-owner out of possession to recover rents and revenues from the co-owner in possession. The court correctly reasoned that the former co-owner could not prevent the latter from cultivating the land, and that the remedy for the co-owner out of possession was to seek a partition of the property. In the instant case neither co-owner is o'ut of possession. The object of the instant litigation is not an accounting but an injunction to prevent the spiteful and wasteful use by one co-owner of a particular piece of the common estate and to enforce plaintiffs’ legal right to equal and coextensive possession and use of the passageway. If the defendant does not wish to remain in such possession with the plaintiffs co-owners, his remedy is by legal partition.
The decision of the lower court is affirmed
Affirmed.