AYRES, Judge.
This is an action by an assignee of a lease to recover rent on a written contract. From a judgment sustaining an exception of no cause and of no right of action, plaintiff appealed.
Under date of August 10, 1972, Peggy Brewer, by a written instrument, leased the premises and residence bearing municipal number 2084 Evergreen Drive, Shreveport, Louisiana, to the defendant, B. B. Tettle-ton, for one year commencing August 15, 1972, and ending August 15, 1973, for a *803 price of $275 payable monthly. Six hundred fifty dollars of the total rent, representing the first and last months’ rent plus a deposit of $100, was paid in cash.
Under the terms of the lease, if the lessee failed to pay one month’s rent at maturity, all the unmatured rent was to become due and collectible at the option of the lessor or his assigns, if the lessee failed to liquidate the amount delinquent within 10 days after written notice.
Plaintiff alleged defendant failed to pay the rent due on December 15, 1972, notwithstanding that amicable demand was made therefor on January 24, 1973. By reason of this failure to pay, the remaining installments, by virtue of the exercise by plaintiff of his option, became due and de-mandable in the sum of $2,200, which plaintiff claims he is entitled to recover plus legal interest from judicial demand, together with 10 percent additional on principal and interest as attorney’s fees, as stipulated in the lease agreement.
Plaintiff further alleged that under date of August 15, 1972, Peggy Brewer assigned all right, title, and interest in and to the aforesaid lease to petitioner herein for a consideration of $2,000 paid in cash as shown by written assignment endorsed on the reverse of the instrument of lease.
To the foregoing allegations defendant filed his exceptions of no cause and of no right of action based on the proposition that Peggy Brewer was without right or authority to lease the property, inasmuch as the property leased was community property of the community of acquets and gains existing between her and her husband, Otho C. Brewer.
In sustaining the exceptions, the trial court made this observation:
“The wife does not have the authority under the laws of this state to dispose of community property. Therefore, Peggy Brewer had no authority to lease the premises or- to transfer or assign the lease, and the lease and its assignment being invalid, Glen R. Coleman has no right in the lease and the exceptions of no cause or right of action are sustained and the suit is dismissed.”
The aforesaid 'conclusion reached by our learned brother of the trial court, we are constrained to say, is supported neither by codal authority nor the jurisprudence of this State. One in possession of a thing belonging to another may lease it to a third person. LSA-C.C. Art. 2681. However, “He who lets out the property of another, warrants the enjoyment of it against the claim of the owner.” LSA-C. C. Art. 2682.
Thus, from these codal authorities, the rule is well established in this State that a person may lease property of which he is not the owner. Stinson v. Marston, 185 La. 365, 169 So. 436 (1936); Weil v. Segura, 178 La. 421, 151 So. 639 (1933); Spence v. Lucas, 138 La. 763, 70 So. 796 (1915); Town of Morgan City v. Dalton, 112 La. 9, 36 So. 208 (1904); Tippet v. Jett, 10 La. 359 (1836); Price v. Scott, 107 So.2d 808 (La.App., Orl., 1959). See, also: Evangeline Refining Company v. Nunez, 153 So.2d 886 (La.App., 3d Cir., 1963); State ex rel. Winn v. Sinclair Refining Co., 25 So.2d 543 (La.App., 2d Cir., 1946 -cert. denied, 1946).
The rule is likewise well established that a lessee in undisturbed possession of leased premises cannot contest lessor’s title as long as he remains in possession. Price v. Scott, supra, and the authorities therein cited; 21 La.L.Rev. 606, Comments, “Leases by Non-Owners.”
In Price v. Scott, it was held that, so long as a tenant remained in possession of premises under a lease from one as lessor, the tenant could not assert his ownership of the premises in an action for eviction, cancellation of the lease, and past-due rent.
For the aforesaid reasons, plaintiff’s petition, in our opinion, states a cause and a right of action.
*804 Therefore, the judgment appealed is annulled, avoided, reversed, and set aside; and the exceptions are now overruled. This cause is accordingly remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Defendant-appellee is assessed with the cost of this appeal. The assessment of all other costs shall await final determination of this cause.
Reversed and remanded.