332 So.2d 315 (1976)
Susan Hadley, wife of Percy BUTLER
v.
Glenice Hensley, wife of and Joseph HENSLEY.
No. 7166.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
On Rehearing Granted March 16, 1976.
On Rehearing May 3, 1976.
Rehearing Denied May 18, 1976.
Vial, Vial & Lemmon, Leon C. Vial, III, Hahnville, for plaintiff-appellee.
Daniel E. Becnel, Jr., Reserve, for defendants-appellants.
Before REDMANN, STOULIG and BEER, JJ.
BEER, Judge.
Notwithstanding previous litigation between the parties to this appeal concerning use of the same tract of land that is here involved, the issue with which we are presently concerned is quite narrow: Pretermitting any consideration of the validity of appellee's recent acquisition of an undivided partial interest in the property in question which is conceded for this appeal, we only pass upon the correctness of the trial court's judgment ordering the appellants to vacate the premises at the insistence of appellee, the owner of a substantially *316 greater undivided interest in the same property.
The trial court factually determined that Glenice Hensley, wife of and Joseph Hensley (defendants-appellants) "acquired a small undivided interest" in the subject property[1] but concluded that such ownership did not constitute "the interest required by law" and ordered them evicted. The trial court also noted that Mr. and Mrs. Hensley were on the property as a result of a lease which had been confected "without the unanimous consent of all owners."
The record signals the distinct possibility that Susan Hadley, wife of Percy Butler (plaintiff-appellee) is being ill-used by her co-owners who have very recently sold a small portion of their fractional undivided interest to appellants.
However, co-owners (which defendants-appellants are) do have the right to use and occupy common property and cannot ordinarily be divested of possession by an action to evict. See: La.C.C. Article 494, Coon v. Miller, 175 So.2d 385 (La.App.2nd Cir. 1965) writ refused, 247 La. 1089, 176 So.2d 145.
Thus, even though something less than complete good faith might properly describe the actions that ultimately led to the acquisition of defendants-appellants' small fractional interest, we must question the trial court's determination that such interest, solely by reason of its small fractional part of the whole, is not entitled to the same rights as the larger fractional interests.[2]
However, the record shows that plaintiff-appellee was, at all times pertinent, exercising a degree of use and occupancy of the particular portion of the long, thin tract of land in question. She had fenced it in and was making use of it along with the immediately adjoining portion which she owned outright and on which she lived
Apparently the defendants-appellants cut the wire fence that was previously put up around the portion in question and, thereafter, set about making a new use of it as the site for the parking of their house trailer. Thus, defendants-appellants effectively evicted plaintiff-appellee from that portion without benefit of legal proceedings and, if all the various actions are put in proper perspective, the real issue here is whether plaintiff-appellee can be thus evicted. The cases which we have noted above indicate that she can not be. Thus, the result reached by the trial court is correct *317 and the judgment is, accordingly, affirmed at defendants-appellants' cost.
Affirmed.
REDMANN, J., concurs.
STOULIG, J., dissents.
REDMANN, Judge (concurring).
Subscribing to the last two paragraphs of the majority opinion, I concur.
STOULIG, Judge (dissenting).
I respectfully dissent.
The sole issue presented by this appeal is whether one coowner may maintain an eviction proceeding and legally eject another coowner from possession of the common property.
Plaintiff, as the owner of an undivided 1/3 interest,[1] filed a petition for eviction alleging that the defendants were occupying part of the property without a lease or any vested interest in the realty. In their responsive pleadings, defendants pleaded their acquisition of an undivided 1/10 interest of the undivided interest of plaintiff's coowners and urged their rights as coowners in bar of plaintiff's action. The trial court granted the judgment of eviction and stated in part in its reasons for judgment:
"* * * [A]nd despite the fact that defendant Glenice Hensley acquired a small undivided interest, defendants are occupying the property without the interest required by law. * * *" (Emphasis ours.)
I am in complete accord with that part of the majority opinion reaffirming the well-settled law of this State governing the rights of the parties under coownership. More particularly, the rights of coowners to the possession of common property are equal and coextensive and for this reason the remedy of eviction is not available for one coowner to divest another coowner of the possession of the common property. A coowner who is dissatisfied with the use to which the property is being put has his remedy by injunction if the character is being changed or the assets wasted and to the remedy of a partition if he is dissatisfied with the occupancy or possession exercised by his coowner.[2]
I am also in accord with the conclusion of the majority opinion that the amount of the undivided interest of a coowner has no bearing or relationship on his right to coextensive possession of the common property. This view is consistent with the concept of the rights of coowners as expressed by the Supreme Court in the case of Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277, 278 (1919), wherein it is stated:
"Co-owners are owners par mi et par tout, of part and of the whole. Neither of two co-owners has the exclusive right to any determinate part of the common property. * * *"
And later in the same case the court cites with approval the following comment of Carpentier and Du Saint, Rep. Droit Francais, vo. Indivision, p. 152, No. 111:
"`Inasmuch as the right of each one of the joint owners consists in an ideal quota and not in any specific entity, no one of them may without the consent of the others exercise on the totality of the common property, nor on any physically determinate part of it, any material or juridical acts involving the exercise of *318 the actual and immediate right of ownership.'"[3] 82 So. at 279.
I find no basis in statute or jurisprudence requiring the ownership of a specified pro rata or fractional interest in order for the rights of coownership to become executory and vest in a coowner. The jurisprudence noted above and the authorities cited therein clearly indicate otherwise.
I cannot subscribe to, and therefore dissent from, that portion of the original opinion which concludes that the defendant's action in cutting the wire fence installed on the common property by the plaintiff constituted an eviction and therefore gave rise to a corresponding right to have the defendant evicted from the entire property. At the outset it must be noted that a coowner does not have the right to erect a fence around a part of the property in deprivation of another coowner's equal and coextensive right to possession of the same area.
I seriously question that the action of the defendant in cutting the wire fence constituted an eviction. However, even assuming it did it could not confer on the plaintiff-coowner a right to which she is not entitled by either law or jurisprudence. In my opinion a judgment of eviction divesting a coowner of his right to possession of common property is invalid and cannot be legally enforced. If dissatisfied, the plaintiff's remedy under the circumstances of this case is by an action in partition.
For the reasons herein expressed, I am of the opinion that the judgment of the trial court should be reversed.

ON APPLICATION FOR REHEARING
Before REDMANN, STOULIG and BEER, JJ.
PER CURIAM.

ON REHEARING
Before REDMANN, STOULIG and BEER, JJ.
BEER, Judge.
On January 13, 1976, we issued our original opinion affirming the trial court's judgment in favor of plaintiff-appellee. Thereafter, on March 16, 1976, we granted a rehearing. We now reverse ourselves, and the trial court, and render judgment dismissing plaintiff's suit.
We do this reluctantly, for we believe, as did the trial judge, that there is much equity in support of plaintiff-appellee's position.
Nevertheless, the parties to this litigation were, at all times pertinent to our deliberations here, co-ownersat least in the literal, legal sense. Thus, by operation of law, neither party is entitled to possession of the property in question to the exclusion of the other.
There is nothing in the record before us which effectively challenges the critical fact that the parties are co-owners even though, as we have previously observed, the recent sale of a small portion of a fractional undivided interest to appellants may have been with the calculated design to accomplish the result that we are now obliged to adjudicate. At any rate, plaintiff-appellee's rights, if they are to be protected, are obliged to be enforced by a partition proceeding.
Accordingly, the judgment of the Twenty-Ninth Judicial District Court for the Parish of St. Charles is reversed, and plaintiff-appellee's suit is dismissed without prejudice to her right to institute partition proceedings. Each party is to bear its own costs here and in the trial court.
REVERSED AND RENDERED.
NOTES
[1] The property, located in St. Charles Parish, is described as follows:

"A certain tract of land situated in this Parish of St. Charles, on the west bank of the Mississippi River, about twenty-six miles above the City of New Orleans, measuring one-half of an arpent front on the South or rear line of the New Orleans, Mobile & Texas Railroad, and from thence a depth of about sixty arpents, between parallel lines, bounded above by the property of Widow Erambert Kinler, below by a small strip of land belonging to said vendor, on the front by the said Railroad and in the rear by the property of Alcest Levergne.
"Being the same property acquired by Susan Hadley Butler from Josephine S. Dennis by act of sale passed before James P. Vial, Notary Public, dated February 22, 1949, and duly recorded in COB `MMM', folio 487 St. Charles Parish, Louisiana."
[2] We acknowledge that there must be some mathematical point at which the fractional interest that has been conveyed, may, by its very insignificance, be presumed to be nothing more than a thinly veiled attempt to percipitate a "spiteful use of common property" as described in LeBlanc v. Scurto, 173 So.2d 322 (La.App. 1st Cir. 1965) writ refused 247 La. 1017, 175 So.2d 302. But here there is no affirmative showing to that effect and the size of the fractional interest that has been conveyed (and the amount of consideration paid for it) does not, on its face, fall into such a category.
[1] The evidence indicates plaintiff, Susan Butler, Evelina Markey and Caroline Hadley each owned an undivided 1/3 interest of an undivided 1/2 interest, or an undivided 1/6 interest each of the entire property.
[2] See Coon v. Miller, 175 So.2d 385 (La.App. 2d Cir. 1965); LeBlanc v. Scurto, 173 So. 2d 322 (La.App.1st Cir. 1965); Arcemont v. Arcemont, 162 So.2d 813 (La.App.4th Cir. 1964).
[3] See Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558 (1940).