TATE, Justice.
The two defendants were convicted, after joint trial, of drug offenses (Dairies: 2 counts of distribution of heroin, 1 count of attempted distribution of heroin; Stovall: 2 counts of distribution, 1 count of possession of heroin), and each was sentenced to concurrent life sentences which were coneur-rent with the lesser sentence on the lesser charges.
Upon their appeal, Dairies argues two assignments (Nos. 9 and 10) and Stovall one. We find no reversible merit to the assignments and therefore affirm, for the following reasons:
Dairies Assignment 9: The trial court sustained the state’s objection to the defendant’s attempt to introduce exhibits D-5, D-6, and D-7. These were medical records pertaining to the defendant’s psychological history, concerning the contents of which the defense expert had already testified in arriving at his opinion as to the accused’s mental condition. These exhibits were reports from a boys’ home made twelve years prior to the trial, when the accused was eight years old, and which had been forwarded to the psychologist for his use in evaluation.
Technically, the ruling may have been correct, since the exhibits themselves were not prepared by the witness himself and may have been inadmissible as hearsay, unless offered in compliance with the hospital records exception (La.R.S. 13:3714) or some other hearsay exception. State v. Williams, 346 So.2d 181 (La.1977); State v. Trahan, 332 So.2d 318 (La.1976).
Nevertheless, whether or not the ruling was erroneous, no prejudice was sustained. Although the jury was not allowed to view the reports themselves, the psychologist testified and was cross-examined upon the contents of the reports insofar as they were pertinent to his diagnosis, and the jury was fully informed of their essential import. See State v. Williams, cited above.
Dairies Assignment 10: By this, the defendant complains of extensive interroga *660 tion by the trial court of the defendant’s expert, a psychologist, testifying as to the accused’s legal insanity. The interrogation was based upon the sanity hearing report, Court Exhibit 1, which had not been introduced in evidence.[1]
The contents of the report were not referred to by the court’s questions, which were primarily aimed at clarifying the witness’s testimony as to the accused’s test of legal insanity, i. e., distinguishing right from wrong, La.R.S. 14:14. The effort of the court — to ascertain whether the expert witness’s testimony of the accused’s insanity (i. e., that the defendant could intellectually distinguish right from wrong, but could not do so emotionally) was consistent with the report — was carefully handled so as not to communicate to the jury that the report indicated an opinion contrary to the expert’s testimony.
The extensive examination by the trial court did not, as conducted, constitute a comment on the evidence.[2] Nevertheless, the extensive nature of this interrogation by the court, and its use of a report not introduced in evidence, would be subject to serious question, if the defendant had objected to it earlier. After objection was made, the trial judge asked only one more question of the witness, of an unobjectionable clarifying nature.
Because of the belated objection, and because in factual context the questions (although extensive) constituted an impartial clarification of the witness’s testimony, we do not find reversible merit.
Stovall Assignment 1: This assignment is based upon the court’s refusal to grant a mistrial when the prosecutor, in his closing argument, attacked the character and reputation of a co-counsel for Stovall.
During the course of the trial, this attorney testified as a witness on behalf of his client, Stovall. On cross-examination, the state sought to impeach his credibility through questions relative to his prior federal conviction of income tax violations. This cross-examination was permissible under La.R.S. 15:495, permitting impeachment of credibility by prior convictions.
However, during his closing argument, the prosecutor for the state made reference to the conviction, not as pertaining to the credibility of the lawyer as a witness, but in a manner clearly intended to belittle him in the eyes of the jury. This comment by the prosecutor prompted a motion for mistrial by the defense which was denied, but the judge twice admonished the jury to disregard the comment by the prosecutor.
Louisiana Code of Criminal Procedure Art. 774 provides that the state’s argument “shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.” The article specifically commands that the argument “shall not appeal to prejudice.” (For an excellent discussion of the problems encountered by this court in enforcement of Article 774, see Comment, The Paradox of the Prosecutor: Justice Versus Conviction During Closing Argument, 34 La.L.Rev. 746 (1974).)
*661 We find this comment by the prosecutor to be objectionable and clearly improper, as we find several other undignified comments made by the prosecutor during his closing argument to which the defendant did not object.
Nevertheless, ultimately we find no reversible error in the judge’s denial of a mistrial in light of his admonitions to the jury to disregard the improper remarks. We have in the past demonstrated reluctance to find that improper argument was so prejudicial as to require reversal. State v. Henderson, 362 So.2d 1358 (La.1978); State v. Berain, 360 So.2d 822 (La.1978); State v. Harvey, 358 So.2d 1224 (La.1978). However, our reluctance to reverse in the present circumstances should not be construed as an indication that flagrant and deliberate prosecutorial misconduct will never be regarded as prejudicial to the fair-trial rights of the accused under our constitution and laws.
Accordingly, for the reasons assigned, we affirm the convictions of defendants Stovall and Dairies.
AFFIRMED.

. Subsequently, when the state attempted to introduce it into evidence upon the failure of its psychiatrists to appear, the trial court properly sustained an objection to the admissibility of this uncross-examined hearsay. See Tr. 291-93.

. Insofar as the objection was based upon the trial judge’s asking clarifying questions without commenting upon the evidence, the objection lacks merit. The conduct of the judge’s examination revealed only impartiality to the jury. He indicated no opinion on the merits, nor did he cast doubt upon the credibility of the witness. This court has approved questioning of witnesses by the judge when these standards are observed. State v. Wagster, 361 So.2d 849 (La.1978); State v. Nicholas, 359 So.2d 965 (La. 1978); State v. Groves, 311 So.2d 230 (La. 1975).
As McCormick on Evidence, Section 8, p. 12 (2d ed. 1972) notes: “The judge in his discretion may examine any witness to bring out needed facts which have not been elicited by the parties . . . [However, in those states where] the judge does not have power to comment on the weight of the evidence, the judge’s questioning in jury cases must be cautiously guarded so as not to constitute an implied comment.”