363 So.2d 930 (1978)
Eugene A. HARPER et al., Plaintiffs-Appellants,
v.
Harold O'NEAL et al., Defendants-Appellees.
No. 13623.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1978.
Rehearing Denied, November 14, 1978.
Writ Refused January 12, 1979.
*931 Hamilton, Carroll & Miller by Donald K. Carroll, Oak Grove, for plaintiffs-appellants.
Brown, Wicker & Lee by O. P. Barnes, III, Monroe, for defendants-appellees.
Before BOLIN, HALL and JONES, JJ.
Rehearing En Banc. Denied, November 14, 1978.
BOLIN, Judge.
Plaintiffs, Eugene A. Harper and Marlene O'Neal Smith, own a 196-acre farm in indivision with the defendants, Harold and Huey O'Neal. After Harper began planting a sweet potato crop on a thirty-three acre tract on the farm, Harold O'Neal plowed up and totally destroyed the recently planted potatoes. Harper brought suit seeking damages for expenses incurred in planting the crop ($8,948) and Harper and Smith sought damages for the anticipated value of the crop upon harvest (about $120,000). The trial court granted judgment in favor of Harper for $5,663, which covers some of the planting expenses, but denied recovery for the value of the crop upon harvest. Plaintiffs appeal and defendants answer the appeal contending plaintiffs should recover nothing. We modify the judgment and grant Harper an increase of $2,340 to cover labor costs incurred for irrigating and transplanting.
The issues are: (1) Did the trial court err in not awarding damages for the loss of the crop and in excluding evidence relevant to this issue? (2) Did the trial court err in not awarding damages for labor costs incurred for irrigation and for pulling and transplanting the potato plants?
The facts surrounding the planting and destruction of the sweet potatoes are briefly as follows. The owners of the land were unable to agree on a farm leasing arrangement for 1977. On May 20, 1977 Harper, with the consent of Smith, began preparing a 33-acre tract on the farm for a sweet potato crop. In the event the crop was successful Smith was to receive $2,500. Harper plowed the land with a tractor, irrigated, fertilized and pulled potato slips from a plant bed for transplanting. On *932 June 24 Harper began transplanting the slips and completed 24 acres. When Harper tried to finish the transplanting operations the next morning, Harold O'Neal, with the consent of Huey O'Neal, destroyed all the potato plants by plowing them up. This litigation followed.
As a threshold issue defendants contend the plaintiffs had no right to plant the tract with sweet potatoes because they had no right to control this tract to the exclusion of the other co-owners. We find this argument to be without merit. Co-owners of property are entitled to make use of the property for its intended purpose. Stinson v. Marston, 185 La. 365,169 So. 436 (1936); Pettus v. Atchafalaya Wildlife Protective Society, 351 So.2d 790 (La.App. 1st Cir. 1977); LeBlanc v. Scurto, 173 So.2d 322 (La.App. 1st Cir. 1965). Since the land involved in this litigation is farmland, planting sweet potatoes is a proper use of the property by the plaintiff co-owners.
Plaintiffs argue the trial court erred in not awarding damages for the loss of the sweet potato crop upon harvest and in excluding evidence pertinent to this issue. Plaintiffs correctly contend damages for lost profits may be awarded when a "growing crop" is destroyed. Trahan v. Florida Gas Transmission Co., 208 So.2d 550 (La.App. 3rd Cir. 1968) and cases discussed therein.
The trial court did not assign written reasons for rejecting this demand. However, the record indicates the trial judge thought such damages were too speculative under the circumstances of this case because the potato plants were not a "growing crop" at the time of destruction. After making this determination, the trial court excluded evidence pertaining to the value of a harvested sweet potato crop and the manner in which sweet potatoes are grown. Such evidence, however, was introduced under an offer of proof. The trial judge erred in not admitting this evidence before making his ruling. A consideration of this type of evidence is one way of determining if the young plants were a growing crop and, if appropriate, the amount of damages.
To support the argument that a growing crop was destroyed, plaintiffs rely heavily on the fact that sweet potatoes are transplanted from potato slips which have been raised in a plant bed. None of the jurisprudence relied upon by plaintiffs establishes the stage of development at which a crop is considered "growing". Common sense, however, tells us that a growing crop was not destroyed here. The transplanted sweet potato slips were in the soil less than twenty-four hours. Moreover, the field was still in the process of being planted. Considering all the evidence, including that introduced under the offer of proof, we find no error in the ruling rejecting the demand for lost profits.
Because Harper had no documentary proof of his claims in the form of laborer time slips and payroll records for the 33-acre tract, the trial court rejected the claim for labor costs incurred in irrigating and transplanting. Harper explained he farmed different crops on over 1,000 acres and did not keep separate records for each tract or crop. His workers usually turned in their time orally and were paid weekly. The only records plaintiff could produce were cancelled checks which covered, among other things, payments for all his workers on all of his crops. Thus, plaintiff was unable to testify with certainty how many workers labored on the sweet potato tract or the number of hours worked on that tract.
However, relying upon his twenty-two years experience as a sweet potato farmer, Harper testified it cost $25 per acre to irrigate the sweet potato field and $50 per acre to pull and transplant the potato slips. Harper's figures were corroborated by the testimony of a witness who farms sweet potatoes on land near that involved in this litigation. This witness testified it costs approximately $25 per acre to irrigate and $45 per acre to pull and transplant the slips.
We think the trial court imposed an unreasonable burden of proof on the plaintiff in this case. It is not necessary that documentary evidence be introduced to support a claim for damages. Jordan v. *933 Travelers Insurance Co.,257 La. 995, 245 So.2d 151 (1971). Plaintiff's testimony was based upon his lengthy experience as a sweet potato farmer and was supported by a witness who had grown sweet potatoes in that area for over 38 years. Accordingly, we find Harper should receive damages for his labor expenses. He is entitled to receive $825 for irrigation labor (33 acres at $25 per acre). The record indicates the $50 per acre for pulling and transplanting the potato slips can be broken down to $35 per acre for the pulling labor and $15 per acre for transplanting labor. Plaintiff pulled the plants for all 33 acres and should receive $1,155 for this. Because 24 acres had been transplanted at the time of destruction, plaintiff should receive $360 for this labor.
For the reasons assigned the judgment in favor of plaintiff Harper is increased by $2,340. In all other respects the judgment is affirmed at defendants' cost.