388 So.2d 128 (1980)
E. J. MARTIN et al.
v.
Michael ESPONGE et al.
No. 13513.
Court of Appeal of Louisiana, First Circuit.
July 25, 1980.
Bernard L. Knobloch, Jr., Thibodaux, for plaintiffs-appellants E. J. Martin, et al.
*129 Stanley L. Perry, Galliano, for defendants-appellees Michael J. Esponge, LaFourche Flying Service, Mavis Orgeron & Montco, Inc.
Johnny X. Allemand, Thibodaux, for defendants-appellees Abraham J. Smith & Leonise C. Smith.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
This is a suit by several of the co-owners in indivision of a tract of land in Lafourche Parish against the lessees of another co-owner in indivision seeking a money judgment against lessees for the difference between $300 per year (the rental charge in the lease) and the alleged fair market rental value of the leased property of $250 per month.
Plaintiffs do not seek eviction of the lessees, nor do they seek an accounting from their co-owner (lessor) for their pro-rata share of the rent.
The trial court rendered judgment dismissing plaintiffs' suit and they have appealed.
The evidence shows that Mr. and Mrs. A. J. Smith, owners of a minority undivided interest in the property in question, had occupied the property for many years as a home and had built and operated a commercial establishment on the property. In 1974, defendant, Esponge, entered into a written lease with the Smiths. Based upon this lease, defendants constructed hanger and docking facilities for seaplanes. Plaintiffs contend that they are entitled to rent from the lessees. The defendants contend that defendants' liability for rent is fixed by their lease agreement with the co-owner, Smith.
In his written reasons for judgment in favor of defendants, the trial judge ruled that plaintiffs' claims are without legal or evidentiary basis, stating as follows:
"In deriving fruits and revenues from, property held in indivision, a co-owner acts not only for himself but also as the agent of his other co-owners." LSA-CC 494; Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955), Moreira v. Schwan, 113 La. 643, 37 So. 542 (1904).
"Further, the remedies of a co-owner out of possession against the co-owner in possession are for one or more of the following:
"1) to maintain an action for damages due to his co-owner's exclusive occupancy when he has been deprived of the right of possession;
"2) to maintain an action for partition and;
"3) to maintain an action for an accounting of rents or revenues derived from the property." LSA-C.C. 494; Juneau v. Laborde, supra; Moreira v. Schwan, supra.
The court observed that although the petition was styled "Class Action For Damages" there was neither a claim nor any proof adduced at the trial for damages. Also, no claims were asserted against the co-owner who leased to defendants. Although the Smiths were cited as defendants in a supplemental petition, there was no prayer for an accounting or a monetary judgment against them.
We must, therefore, conclude, as did the trial court, that the Smiths, who were co-owners in possession, acted as agents for the other co-owners and plaintiffs' remedy lies against these co-owners and not against lessees. The result would be otherwise, had there been a showing of waste of the property. Ree Corporation v. Shaffer, 246 So.2d 313 (La.App. 1st Cir. 1971).
In addition to the issue previously mentioned, plaintiffs question the right of a trial judge to limit a proffer, under article 1636 of the Code of Civil Procedure, to a verbal statement rather than permitting the litigant to make a complete record of the excluded evidence. C.C.P. art. 1636 reads in pertinent part as follows:
"When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence."
*130 This article vests in the court discretion to determine the procedure to follow.
The appellant is not prejudiced by a trial judge's limiting his proffer to a statement setting forth the nature of the evidence rather than allowing him to make a complete record thereof, since the appellate court will remand for completion of the record if, in the former case, the evidence excluded is ruled admissible. Tri Parish Heating & Air Conditioning v. Brown, 338 So.2d 126 (1st Cir. 1976). Plaintiffs also question the trial judge's ruling that Thomas Guzzetta, who appeared in proper person as well as co-counsel for other plaintiffs, was disqualified to act as co-counsel after he testified as a witness. Pertinent parts of L.R.S. 37:218, Canon 5, read as follows:
"DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
"EC 5-9. Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
However, as stated by counsel, this issue is not of prime importance to the case and in our opinion his testimony as an expert on land rental values would not affect the outcome of this case.
For the reasons above stated, the judgment of the trial court is affirmed, appellants to pay all costs.
AFFIRMED.